369 F.2d 247
 Gust BOUNOUGIAS, Plaintiff-Appellant,
v.
Norman PETERS and John G. Phillips, Petitioners-Appellees.
REPUBLIC STEEL CORPORATION, a Corporation, Defendant and
Third-PartyPlaintiff,
v.
Alavina O'MALLEY, d/b/a B. Pedersen & Company, Third-Party
Defendant.
Gust BOUNOUGIAS, Plaintiff-Appellant,
v.
Norman PETERS and John G. Phillips, Defendants-Appellees.
 Nos. 15481-15482.
 United States Court of Appeals Seventh Circuit.
 Oct. 25, 1966, Rehearing Denied Dec. 9, 1966.
 
 John D. Vosnos, James B. Martin, Chicago, Ill., for appellant.
 Sidney Z. Karasik and Charles Wolff, Chicago, Ill., for appellee.
 Before HASTINGS, Chief Judge, and SWYGERT and CUMMINGS, Circuit judges.
 HASTINGS, Chief Judge.
 
 
 1
 This is an appeal by Gust Bounougias from an adverse judgment of the district court in consolidated cases numbered 15481 and 15482. On appeal, it is contended that the trial court did not have jurisdiction to try these cases.
 
 
 2
 A recital of the protracted an desultory litigation in this case is necessary in order to place the jurisdictional question presented to us in its proper context.
 
 
 3
 Bounougias employed appellee, Norman Peters, a Chicago attorney, to represent him in a personal injury claim before the Industrial Commission of Illinois. Peters did so and recovered a settlement for Bounougias. Peters also advised Bounougias that he had a cause of action for the same injury against a third party on whose premises he had been injured, Republic Steel Corporation. Bounougias signed an agreement authorizing Peters to handle the case on a one-third contingent fee basis.
 
 
 4
 Peters brought a diversity suit for Bounougias in the district court against Republic Steel and Bounougias' employer charging negligence and recovered judgments in favor of Bounougias in the amount of $105,000.00 On appeal, this court affirmed.[1]
 
 
 5
 Motions by the defendants in that action to set off from the judgment a workmen's compensation award to Bounougias were denied, and the judgment was satisfied in September, 1960.
 
 
 6
 In May, 1960, however, prior to the satisfaction of judgment, the original contingent fee contract between Bounougias and Peters was amended so that Peters' contingent fee was raised to onehalf of the amount recovered, less expenses. Consideration for this change was stated to be the third party action, the appeal to this court, a petition for rehearing before this court, and the possibility that the defendant might take the case to the United States Supreme Court. This latter possibility did not materialize.
 
 
 7
 After the satisfaction of judgment in September, 1960, Peters received payment in full in accordance with this later agreement. Appellee John G. Phillips, an attorney who occupied an office in Peters' suite, received a portion of the payment to Peters for his aid in the trial and appeal. There were no further proceedings relating to Bounougias' injuries.
 
 
 8
 On January 16, 1961, Bounougias instituted a suit against Peters and Phillips in the Circuit Court of Cook County, Illinois, charging that the second contingent fee agreement lacked consideration and that it represented unconscionable overreaching by Peters and Phillips.
 
 
 9
 Peters and Phillips moved for summary judgment in the circuit court. This was granted on April 1, 1963. An appeal was taken to the Appellate Court of Illinois. The Appellate Court affirmed the trial court as to Phillips, but reversed as to Peters.[2]
 
 
 10
 The action against Peters was reinstated in the Circuit Court of Cook County. But on November 9, 1964, Peters and Phillips filed a petition in the United States District Court to fix attorneys' fees and for injunctive relief. The district court issued a temporary restraining order, without notice and without bond, restraining Bounougias and his attorney from proceeding further against Peters and Phillips in the Circuit Court of Cook County.
 
 
 11
 On December 8, 1964, the district court granted a motion of Bounougias to dismiss the petition and to dissolve the temporary restraining order.
 
 
 12
 Bounougias then attempted to proceed with his case in the state court. Notwithstanding the Illinois Appellate Court's affirmance of summary judgment as to Phillips, Bounougias impleaded Phillips in the action under an amended and supplemental complaint. These proceedings were stayed, however, when Phillips filed a petition in the United States District Court for removal of the case from the state to the federal court.
 
 
 13
 Bounougias' subsequent motion to remand was denied by the district court. A motion for leave to appeal to this court from such denial was also denied. Bounougias then filed a petition for a writ of mandamus in this court to compel the district court to expunge the order denying the motion to remand and to remand the cause to the state court. This was denied.
 
 
 14
 The district court then dismissed Phillips from the case and proceeded to trial, but Bounougias, renewing his motion to remand and refusing to recognize the jurisdiction of the district court, refused to participate in the trial. Bounougias having elected to stand mute, the trial judge allowed Peters to present his evidence.
 
 
 15
 In its judgment, the district court found that it had ancillary jurisdiction over the cause by reason of the prior negligence litigation in the district court and because the conduct of the attorneys in that litigation had been called into question. Judgment was entered in favor of Peters. The instant appeal was taken from this judgment.
 
 
 16
 Since Peters and Phillips now concede that the district court had no removal jurisdiction, we are presented with only one essential question on appeal. That is, whether the district court had ancillary jurisdiction to hear this cause.
 
 
 17
 Respecting ancillary jurisdiction, the Supreme Court has said:
 
 
 18
 'The general rule is that when a federal court has properly acquired jurisdiction over a cause it may entertain, by intervention, dependent or ancillary controversies; byt no controversy can be regarded as dependent or ancillary unless it has direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit.' Fulton National Bank of Atlanta v. Hozier, 267 U.S. 276, 280, 45 S.Ct. 261, 262, 69 L.Ed. 609 (1925).
 
 
 19
 See Aetna Insurance Co. v. Chicago, Rock Island & Pac. R. Co., 10 Cir., 229 F.2d 584, 586 (1956); United States v. Acord, 10 Cir., 209 F.2d 709, 712 (1954).[3]
 
 
 20
 Peters and Phillips contend that the district court has discretion to exercise ancillary jurisdiction and that it was a proper exercise of that jurisdiction to protect them as officers of the court from vexatious and abusive litigation arising from charges relating to their professional conduct with a client in a case heard by that court.
 
 
 21
 In the case before us the following facts are quite clear. The original tort litigation filed and tried in the federal district court over Bounougias' injuries was completely terminated, and its judgment satisfied and distributed before the instant litigation commenced. The district court had no property connected with this litigation in its custody or control. This suit has a subject matter wholly different from the personal injury suit and does not depend on the same facts. It does not relate to enforcement of the judgment in the original suit. Furthermore, in this action, the district court originally refused to restrain the state court proceedings. These proceedings remained in the state court four years and were finally ready for trial as to Peters on the merits when the suit was removed to the district court on motion of the defendants. It appears that all parties have adequate remedies in the state courts of Illinois.
 
 
 22
 These facts indicate that these proceedings do not relate to any matter which full justice, logic, or even convenience would have required a decision upon by the trial court as part of the original litigation. Whatever the result may finally be in this litigation, it will not make more complete or satisfactory or, indeed, even affect the judgment of the district court in the negligence suit. Nor can it be said that this suit relates to matters coming so near to the life and dignity of the district court that an exercise of inherent powers to protect its authority was necessary.
 
 
 23
 The theory of jurisdiction relied upon by Phillips and Peters is not supported by the cases cited. We hold that this suit over attorneys' fees was not a controversy dependent upon or ancillary to the personal injury litigation which generated the fees and that the district court has no jurisdiction in this case.
 
 
 24
 In passing we observed that as to the merits in the proceedings against Phillips in the state courts, such courts will have the benefit of the decision of the Illinois Appellate Court in Bounougias v. Peters, 49 Ill.App.2d 138, 198 N.E.2d 142 (1964).
 
 
 25
 This suit began in January, 1961 and, notwithstanding the numerous proceedings, is not now appreciably nearer final adjudication than when it was brought. In our view, tactics of impasse and exhaustion are not aids in the pursuit of justice; on the contrary, they may lead to an over-litigation which jeopardizes substantive rights and which does a disservice to the entire legal system and profession.
 
 
 26
 Judgment on the merits is now vacated for lack of jurisdiction. This cause is remanded to the district court with instructions to remand it to the state court for further proceedings.
 
 
 27
 Judgment vacated; cause remanded.
 
 
 
 [1]
 Bounougias v. Republic Steel Corporation, 7 Cir., 277 F.2d 726 (1960)
 
 
 [2]
 Bounougias v. Peters, 49 Ill.App.2d 138, 198 N.E.2d 142 (1964)
 
 
 [3]
 In the more liberal and recent formulation of a legal commentator, under ancillary jurisdiction 'a district court acquires jurisdiction of a case or controversy as an entirety, and may, as an incident to disposition of a matter properly before it, possess jurisdiction to decide other matters raised by the case of which it could not take cognizance were they independently presented.' Wright, Federal Courts 17 (1963)