**MINERSVILLE COAL CO., Inc., et al.,**
**Plaintiffs,**

v.

**ANTHRACITE EXPORT ASSOCIATION**
**et al., Defendants.**

**Civ. No. 68–428.**

United States District Court,
M. D. Pennsylvania.

July 21, 1972.

See also D.C., 55 F.R.D. 426.

**430**

Thomas C. Raup, Fisher, Rice & Raup, Williamsport, Pa., Richard L. Hirshberg, Washington, D. C., for plaintiffs.

Stanley D. Robinson, New York City, for all defendants except Susquehanna Coal Co.

Hopkins T. Rowlands, Jr., Wilkes-Barre, Pa., for Susquehanna Coal Co.

## OPINION

MUIR, District Judge.

This action is a private antitrust action for injunctive relief and treble damages brought pursuant to the Sherman and Clayton Acts, 15 U.S.C. Sections 1, 2 and 15.

On July 18, 1972, this Court entered the following Order denying two pending motions:

> "The Motion filed July 7, 1972 to require deposit of proceeds of settlement in special account and to request court determination of distribution thereof and the motion filed July 17, 1972 for a declaratory judgment and other relief are denied."

This Opinion sets forth the reasons for the Order of this Court denying the two motions.

On June 2, 1972, the parties in the instant action entered into a "Stipulation of Settlement" pursuant to which within 30 days of the date of the stipulation the attorneys for the defendants agreed to deliver to the attorneys for the plaintiffs a check in the amount of $950,000.-00 payable to the law firm of Fisher, Rice & Raup and Richard L. Hirshberg, Esquire, in return for certain enumerated settlement documents executed by the plaintiffs. Simultaneously with the exchange of documents and checks, the attorneys were to execute a stipulation of discontinuance for dismissal of all claims and counterclaims with prejudice and without costs and a stipulation dismissing a pending appeal before the United States Court of Appeals for the Third Circuit.

The Stipulation of Settlement was not filed with the Court[1] at the time of its execution, but on the basis of representation of counsel for all parties that the parties had agreed upon a settlement and a schedule for consummation of the formal settlement had been set up, the Court continued the trial of the case pending discontinuance with prejudice.

---

1. Paragraph 5, thereof, provides: "This Stipulation of Settlement will not be filed with any Court without the written consent of all of the undersigned attorneys or unless this Court has previously ordered the files in this case sealed." Exhibit B, List of Exhibits, accompanying "Response of Richard L. Hirshberg, Esquire to Motion of Fisher, Rice & Raup, Esquires, to Require Deposit of Proceeds of Settlement In Special Account and to Request Court Determination of Distribution thereof, and Cross Motion for Declaratory Judgment and For Other Relief." (filed July 17, 1972).

Thereafter, the Court was advised that formal settlement and discontinuance of the case in accordance with the original time schedule agreed upon by counsel for all parties had been rendered impossible by flood conditions which had seriously disrupted normal business operations in the Wilkes-Barre area. The Court met with representatives of the defendants and the plaintiffs and a new time schedule for the exchange of the settlement check and the settlement documents was agreed upon; by agreement, the final settlement conference of counsel for all the parties was scheduled for July 19, 1972.

On July 7, 1972, the firm of Fisher, Rice & Raup, as co-counsel for the plaintiffs, filed a "Motion to Require Deposit of Proceeds of Settlement in Special Account and To Request Court Determination of Distribution Thereof." Reciting certain differences and disputes which had arisen between plaintiffs' co-counsel, the law firm of Fisher, Rice & Raup and Richard L. Hirshberg, Esquire, between certain of the plaintiffs and their counsel Richard L. Hirshberg, Esquire, and among certain plaintiffs, concerning the size of legal fees, the division of the legal fees between co-counsel and the distribution of the settlement proceeds among the plaintiffs, this Motion requested the Court to direct the defendants to deposit the settlement funds in "an interest-bearing account in the name of the Plaintiffs, in the Commonwealth Bank and Trust Company of Muncy, Pennsylvania, withdrawals therefrom to be made in such manner and only in such manner as shall be determined by the Court," and to direct that counsel for Plaintiffs "deliver to counsel for the defendants the settlement documents which have been executed by Plaintiffs and approved as to form by the Defendants," and further, to direct that the settlement fund be distributed among the law firm of Fisher, Rice & Raup, Richard L. Hirshberg and the Plaintiffs according to a comprehensive schedule

set forth in detail in paragraph 3 of the Motion. The Court requested that briefs on the motion be filed by all interested parties. On July 10, 1972, Fisher, Rice & Raup filed a brief, together with a voluminous set of affidavits and other documents. On July 17, 1972, Richard L. Hirshberg, Esquire, filed a "Response" to the motion and together with it a "Cross Motion for Declaratory Judgment and for Other Relief." The "Response" sets forth Mr. Hirshberg's opposition to the Motion, but the "Cross Motion For Declaratory Judgment and for Other Affirmative Relief" requests a declaratory judgment as to the size of the attorneys' fees and the division of attorneys' fees between co-counsel for the plaintiffs. On the same day, a brief and set of affidavits and exhibits were filed in connection with the Response and Cross Motion for Declaratory Judgment.

By letter dated July 14, 1972, Stanley D. Robinson, Esquire, on behalf of all the defendants in the action, stated that on two conditions the defendants would join in those paragraphs of the Motion filed by the law firm of Fisher, Rice & Raup as co-counsel for the plaintiffs, which requested the Court (1) to direct defendants to deposit the settlement fund in an interest-bearing bank account in the name of the plaintiffs subject to withdrawal only in such manner as the Court directs and (2) to direct that plaintiffs' attorneys simultaneously deliver the settlement documents to counsel for defendants. The first condition on defendants' joinder in the motion was the consent of each named plaintiff to the procedure outlined therein, as manifested on a form affidavit of consent drafted by the defendants. The second condition is that plaintiffs and their attorneys "obtain from Minersville Safe Deposit Bank and Trust Company, plaintiff in a writ of attachment execution issued out of the Court of Common Pleas of Lackawanna County, No. 393 September Term 1972, a discontinuance

and dissolution of said attachment against each of the defendants and their counsel as garnishees." With respect to the two conditions of the defendants' joinder in the Motion, the Court was advised on July 18, 1972 (the day before the rescheduled final settlement conference) that the first condition of the defendants' joinder in the Motion could not be met because the affidavits of all the plaintiffs could not be obtained. Although the Court was advised that steps had been taken to obtain from the attorneys for the Minersville Safe Deposit Bank and Trust Company a discontinuance of the attachment proceedings against the defendants, whether the attachment proceedings were, in fact, discontinued was never made to appear in the record of this case. It follows, therefore, that the defendants cannot be deemed to have joined in the motion insofar as it requested the Court to direct the deposit of proceeds in a bank account in the names of the plaintiffs and to require attorneys for the plaintiffs to deliver to counsel for the defendants the settlement documents. The defendants took no position with respect to paragraph 3 of the motion, which requested that the Court direct distribution among the plaintiffs and their attorneys in accordance with the schedule set forth therein.

Rule 3 of the Federal Rules of Civil Procedure provides: "A civil action is commenced by filing a complaint with the court." The only exceptions to Rule 3 are a narrowly limited class of ancil-

lary and summary proceedings which need not be commenced by the filing of a complaint. 4 C. Wright and A. Miller, Federal Practice and Procedure, Sec. 1051, n. 9.

Since no complaint had been filed with respect to the disputes among the plaintiffs to this action and their attorneys, this Court would therefore lack subject matter jurisdiction with respect thereto, unless the claims fall within the narrow category of ancillary or summary proceedings to which Rule 3 does not apply. No claim is made that the matter before the Court is properly denominated a "summary proceeding." Hence, the validity of the contention of the moving parties that the Court has jurisdiction to resolve the disputes involved in the distribution of the settlement fund turns solely on the question whether the matter is "ancillary" within the scope of the exception to F.R.Civ.P. 3. In my opinion, it is not ancillary to this action and from this it follows that the Court is without jurisdiction to consider it in the manner in which it is now raised. Bounougias v. Peters, 369 F.2d 247 (7th Cir. 1966), cert. denied 386 U. S. 983, 87 S.Ct. 1288, 18 L.Ed.2d 232 (1967), which movants cite and attempt to distinguish, supports this conclusion.[2] In that case, after satisfaction of a United States District Court judgment in a personal injury suit, the plaintiff instituted an action in a state court against his two attorneys in the District Court action charging that an amended contingent fee agreement lacked consid-

---

2. Somewhat analogous, but distinguishable, issues have been presented in other cases: Western Steel Erection Company v. United States, 424 F.2d 737 (10th Cir. 1970) ; State of Iowa v. Union Asphalt & Roadoils, Inc., 281 F.Supp. 391 (S.D. Iowa 1968), affirmed 409 F.2d 1239 (8th Cir. 1969) ; City of Hankinson v. Otter Tail Power Co., 294 F.Supp. 249 (S.E. Div., D.N.D.1969) ; Andrews v. Central Surety Ins. Co., 295 F.Supp. 1223 (D.S.C. 1969). I am, however, unable to reconcile American Federation of Tobacco-Growers, Inc. v. Allen, 186 F.2d 590

(4th Cir. 1951), a case which has never been followed in a reported decision, with Bounougias v. Peters, 369 F.2d 247 (7th Cir. 1966), cert. denied 386 U.S. 983, 87 S.Ct. 1288, 18 L.Ed.2d 232 (1967), nor do I perceive a sound basis upon which to distinguish *American Federation of Tobacco-Growers, Inc.* from the case at bar. I find the principles of *Bounougias* persuasive and applicable here; since I am not bound by *American Federation of Tobacco-Growers, Inc.*, I decline to follow it.

eration and represented unconscionable overreaching on the part of the two attorneys. The attorneys' motion for summary judgment in the state court was granted, and a state appellate court affirmed as to one attorney and reversed as to the other, one Peters. When plaintiff proceeded with the state action against Peters, Peters successfully removed the action to the United States District Court. The district court held that it had ancillary jurisdiction over the cause by reason of the prior negligence litigation in the district court and because the conduct of the attorneys in that litigation had been called into question, and entered judgment in favor of the attorney Peters. On appeal, the Court of Appeals for the Seventh Circuit held that the district court lacked ancillary jurisdiction,[3] and vacated the judgment with instructions to remand to the state court. The Court of Appeals pointed to the facts that the district court had no property connected with the litigation in its custody or control, that the suit had a subject matter "wholly different from the personal injury suit and does not depend on the same facts." Furthermore, the Court of Appeals observed that the action did not relate to enforcement of the judgment in the original suit. The operative facts in that case do not differ materially from the circumstances present in the case at bar.

No property connected with the antitrust litigation over which this Court has subject matter jurisdiction is within the custody or control of the Court. The subject matter of the controversies which have arisen within the plaintiffs' camp is wholly distinct from the subject matter of this action. Nor does the doctrine[4] that a district court has continuing jurisdiction and authority to protect and effectuate its own judg-

ments come into play: there is no judgment of record to protect or effectuate. For these reasons the motion and cross motion were denied by Order of this Court dated July 18, 1972.

---

3. The absence of removal jurisdiction was conceded on appeal.

4. See, Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921); C. Wright, Law of Federal Courts (1970 ed.), 19–20.