**Susan ZACK, Plaintiff,**

v.

**CITY OF MINNEAPOLIS, as employer and principal for Minneapolis Police Department, and Anthony V. Bouza, individually and as an agent of defendant, City of Minneapolis, Defendants.**

**No. Civ. 4–82–1465.**

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 9, 1985.

---

118

Tracy R. Eichhorn-Hicks, Meshbesher, Singer & Spence, Ltd., Minneapolis, Minn., for plaintiff.

Kathleen M. Knutson, Oakes & Kanatz, St. Paul, Minn., for the law firm of Oakes & Kanatz.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on the motion of Oakes & Kanatz, plaintiff's original counsel in the above-entitled action, for establishment of an attorneys' lien pursuant to Minn.Stat. § 481.13. Plaintiff has responded to this motion with her own motion for attorneys' fees under Minn.Stat. § 549.21.

## FACTS

Plaintiff Susan Zack retained the law firm of Oakes & Kanatz in November of 1980 to represent her in an employment discrimination claim against the City of Minneapolis. Oakes & Kanatz claims that plaintiff entered into an express agreement with the firm to compensate it on an hourly fee basis. The firm provided legal services for plaintiff from November, 1980 until December, 1982. These services included representation before the Civil Service Commission and the filing of the action in this Court. Subsequent to the commencement of this suit, in December, 1982, plaintiff substituted the law firm of Meshbesher, Singer & Spence as her counsel. Oakes & Kanatz filed a claim for an attorneys' lien and a UCC–1 Financing Statement in March, 1983 with the Secretary of State and the Hennepin County Recorder's office; copies of these documents were served on plaintiff, plaintiff's attorney, and the City of Minneapolis.

Plaintiff prevailed in her employment discrimination suit. The Court, in an order dated April 23, 1984, awarded plaintiff $29,334.70 in damages, reinstated her to her former position, and stayed entry of judgment for 30 days in order to allow plaintiff an opportunity to bring a motion for attorneys' fees and costs. The firm of Meshbesher, Singer & Spence brought such a motion, and notified Oakes & Kanatz that it should bring an attorneys' fees motion. Meshbesher, Singer & Spence provided

Oakes & Kanatz with a copy of their motion and supporting memorandum during the 30 day period following the Court's order.

Oakes & Kanatz did not bring a motion for attorneys' fees. At the oral argument on the instant motion, Oakes & Kanatz argued that it did not move for attorneys' fees because it did not believe it had standing to make such a motion, given the fact that it no longer represented the plaintiff. Oakes & Kanatz asked Meshbesher, Singer & Spence to request its fees, but the latter firm refused on the ground that it could not make any representations regarding Oakes & Kanatz' fees. The Court granted plaintiff's motion for attorneys' fees on June 8, 1984 and awarded Meshbesher, Singer & Spence $26,296.25 in attorneys' fees and $2,389.77 in costs.

Oakes & Kanatz now moves the Court to establish an attorneys' lien and to enter judgment against plaintiff in the amount of $6,084.62. The firm claims that it incurred fees in the amount of $6,539.18 and costs in the amount of $120.44. It further claims that plaintiff has paid only $575.

## DISCUSSION

■ Oakes & Kanatz argues that it is entitled to an attorneys' lien under Minn. Stat. § 481.13.[1] That statute provides, in pertinent part, that

> An attorney has a lien for his compensation whether the agreement therefor be expressed or implied:
>
> ....
>
> (2) Upon a judgment, and whether there be a special agreement as to compensation, or whether a lien is claimed for the reasonable value of the services, the lien shall extend to the amount thereof from the time of giving notice of his claim to the judgment debtor, but this lien is subordinate to the rights existing between the parties to the action or proceeding.

The statute further provides that the Court shall enter judgment and determine the amount due. *Id.* The Minnesota Supreme Court has held that the attorneys' lien statute is a codification of the attorneys' "charging lien" which existed at common law and at equity. *Village of New Brighton v. Jamison*, 278 N.W.2d 321, 324–25 (Minn.1979); *Schroeder, Siegfried, Ryan & Vidas v. Modern Electronic Products*, 295 N.W.2d 514, 516 (Minn.1980). The rationale behind the charging lien was that "a successful plaintiff should not be permitted the whole of any judgment secured by the services of his attorney without paying for those services." *Schroeder, Siegfried, Ryan & Vidas*, 295 N.W.2d at 516. Oakes & Kanatz asserts that it is clearly entitled to the establishment of an attorneys' lien because there was an express agreement with the plaintiff regarding compensation, the services contracted for have been performed, and the plaintiff has failed to pay for those services.

Plaintiff opposes the attempt to establish an attorneys' lien on equitable grounds. Plaintiff argues that Oakes & Kanatz should be barred from establishing a lien because it failed to recover its fees and costs by bringing a motion for attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k) within 30 days after plaintiff prevailed in her suit before the Court. The fact that Oakes & Kanatz did not represent plaintiff in the actual trial of this action does not preclude it from recovering attorneys' fees under Title VII. *See Parker v. Califano*, 561 F.2d 320 (D.C.Cir.1977) (court may award compensation for legal services performed prior to filing of judicial complaint); *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) (court may award Title VII attor-

---

1. Oakes & Kanatz argues, and plaintiff does not dispute, that the Court has ancillary jurisdiction over the claim arising under Minn.Stat. § 481.-13. The Court agrees that it has ancillary jurisdiction to determine this claim. An attempt to establish an attorneys' lien is a related dispute to the main action. Oakes & Kanatz correctly cites *In re Coordinated Pretrial Proceedings*, 520 F.Supp. 635 (D.Minn.1981) for the proposition that ancillary jurisdiction over fee disputes is inherent where the court has independent subject matter jurisdiction over the litigation itself.

neys' fees for proceeding before state agency).

■■■ The Court has determined that it would be inequitable to establish an attorneys' lien in the instant case. While the right to an attorney's lien is statutory, the Minnesota Supreme Court has recognized that actions to enforce such liens are equitable in nature. *Village of New Brighton,* 278 N.W.2d at 325 (no right to jury trial because action to enforce lien is equitable in nature). Plaintiff correctly points out that it is a basic principle of equity that undue delay in enforcing one's rights to the prejudice of another bars enforcement of those rights, and that the delaying party bears the burden of alleging facts excusing the delay. *Sinell v. Town of Sharon,* 206 Minn. 437, 289 N.W. 44 (1939). *See also Fidelity & Deposit Co. of Maryland v. Central Bank,* 48 F.2d 477 (8th Cir.1931) (equitable lien may be lost by negligent and unreasonable delay in proceeding to enforce it). While there has not necessarily been an unreasonable delay since judgment in the case before the Court, the basic principle in the above cited cases is applicable in view of Oakes & Kanatz' failure to move for attorneys' fees. The firm knew that it could move for fees under 42 U.S.C. § 2000e–5(k), and yet it declined to do so. Oakes & Kanatz' failure to move for attorneys' fees was inexcusable, and it would be inequitable to now establish an attorneys' lien.

The underlying purposes of the Title VII remedy, and the nature of the remedial award which plaintiff received in this case, support the conclusion that Oakes & Kanatz should be barred from establishing a lien. A central purpose of Title VII is "to make persons whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Company v. Moody,* 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). To this end, the federal district courts are given broad equitable powers to ensure that the " 'injured party is ... placed, as near as may be, in the situation he would have occupied if the wrong had not been committed.' "

*Albemarle, id., quoting Wicker v. Hoppock,* 6 Wall. 94, 99, 18 L.Ed. 752 (1867). *See also* Conference Committee Report on 1972 Amendments to Title VII, 118 Cong. Rec. 7168 (1972). The typical "make whole" remedy is the back pay award; the damages which plaintiff received in this litigation were of such a compensatory character. Plaintiff did not receive any punitive damages. Indeed, such damages may not be recovered in a Title VII action. *E.g. EEOC v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir.1975), *vacated on other grounds,* 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1977). If the Court were to allow an attorneys' lien of some $6,000 (approximately 20 percent of plaintiff's award), this amount would come directly out of plaintiff's back pay award, so that plaintiff would no longer be made whole by the Court's judgment. Such a result would be contrary to the equitable purposes of Title VII. The provision for attorneys' fees in Title VII is clearly linked to the "make whole" purpose of the act. The sole reference to this provision in the legislative debates is that it was included to "make it easier for a plaintiff of limited means to bring a meritorious suit." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 420, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1977); 110 Cong.Rec. 12724 (1964) (remarks of Senator Humphrey). If prevailing plaintiffs had to pay sizable attorneys' fees out of their own pockets, they simply could not be made whole for their losses, and there would therefore exist a great disincentive to sue. The determination that Oakes & Kanatz had an obligation to move for attorneys' fees, then, is consistent with the purposes of Title VII.

## ATTORNEYS' FEES

■■■ Plaintiff has moved for attorneys' fees under Minn.Stat. § 549.21, arguing that the claim asserted by Oakes & Kanatz is so clearly unreasonable that it should be viewed as frivolous or asserted in bad faith. The Court cannot conclude that this action was brought in bad faith. Oakes & Kanatz did have an express agreement with plaintiff regarding compensation, and

plaintiff has failed to fulfill the agreement she made.

Accordingly, **IT IS ORDERED** that Oakes & Kanatz' motion for an attorneys' lien is denied, and plaintiff's motion for attorneys' fees in connection therewith is denied.