David AUXIER, d/b/a Barron's Business and Consulting Services, Plaintiff,

v.

ABITIBI–PRICE CORP., Defendant.

Civ. A. No. 91–2393–EE0.

United States District Court, D. Kansas.

June 13, 1994.

Betty R. Czeschin, Dennis G. Muller, Muller & Muller, Kansas City, MO, for plaintiff.

Michael K. Schmitt, Kevin M. Hill, Finley, Miller, Cashman, Weingart & Schmitt, Hiawatha, KS, for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of plaintiff's attorneys, Dennis G. Muller and Betsy R. Czeschin, to modify the order of dismissal (Doc. # 107) and plaintiff's petition to assign the dispute between plaintiff and his attorneys to binding arbitration (Doc. # 110). For the reasons set forth below, both motions will be denied.

The dispute over attorneys' fees arose as follows. Muller and Czeschin represented plaintiff in his suit against defendant for breach of contract. Following a trial to the court, the court entered judgment in favor of defendant. Plaintiff appealed. While the appeal was pending, plaintiff and defendant

settled the matter for $15,000. Plaintiff voluntarily dismissed the appeal and defendant tendered to Muller a $15,000 check made out jointly to plaintiff and Muller. Muller did not endorse the check, but sent it to plaintiff along with a statement of the 30% contingent fee, $4,500, and expenses of $5,948. Muller asked plaintiff to endorse the check and return it to him. Plaintiff questioned Muller's claimed expenses and refused to endorse the check and return it to Muller. Plaintiff asked Muller for an audit of the claimed expenses. Muller then filed the instant motion seeking an order directing defendant to stop payment on the original check and reissue a check into the court's registry so the court could resolve the fee dispute and direct disbursement of the settlement amount.

■ Muller and Czeschin ask the court to modify the order of dismissal pursuant to Federal Rule of Civil Procedure 60 because they have been "surprised" by their client's "turn of mind in refusing to endorse the check" issued jointly to plaintiff and Dennis Muller, his attorney. To the extent that Muller and Czeschin seek modification of the order dismissing the appeal, it is well-settled that the court lacks jurisdiction to effect any modification to an order entered by the Tenth Circuit Court of Appeals. *See, e.g., Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *Stewart v. Donges,* 915 F.2d 572, 575 (10th Cir.1990).

■ It does not appear from their briefs that Muller and Czeschin seek modification of our order granting judgment in favor of defendant, but to the extent that their motion could be so interpreted, Federal Rule of Civil Procedure 60 does not afford Muller and Czeschin relief under the circumstances of the instant case. Rule 60 permits a party or a party's representative to obtain relief from an order or judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). We do not believe that Muller and Czeschin are entitled to relief under Rule 60 for several reasons. First, they have not been "surprised" within the meaning of Rule 60. Second, Muller and Czeschin were not "parties" to the instant case and while they may be, in some sense,

"representatives" of the plaintiff, we know of no authority for affording Muller and Czeschin relief against their client pursuant to Rule 60 under the circumstances here.

In *State of Iowa v. Union Asphalt & Roadoils, Inc.,* 281 F.Supp. 391, 398 (S.D.Iowa 1968), the court amended its previous order permitting withdrawal of plaintiff's counsel to condition withdrawal on the payment of reasonable attorney's fees. Apparently, the court did so under Rule 60(b)(6) for some "other reason justifying relief." The instant case is distinguishable. Muller and Czeschin do not seek modification of a prior order permitting them to withdraw. No such order has ever been entered in this case. We do not believe that, even liberally interpreting Rule 60(b), *see id.,* Rule 60 can be invoked by Muller and Czeschin to effect a modification of our order granting judgment in favor of defendant to condition judgment upon payment of attorneys' fees by plaintiff.

■ In addition, after extensive research on the issue of ancillary jurisdiction, the court has concluded that because we no longer have jurisdiction over the underlying case, we cannot properly exercise ancillary jurisdiction over the attorneys' fees dispute. Under the doctrine of ancillary jurisdiction, the court may exercise jurisdiction over a claim "which is a continuation of or incidental and ancillary to a principal claim over which it has jurisdiction even though it might not have jurisdiction of the ancillary proceedings if it were an independent and original action." *Aetna Ins. Co. v. Chicago, Rock Island & Pacific RR. Co.,* 229 F.2d 584, 586 (10th Cir.1956). Ancillary jurisdiction does not allow us to resolve the instant dispute over attorneys' fees because the court does not have jurisdiction over any principal claim—plaintiff's complaint has been dismissed, judgment for defendant has been entered and plaintiff's appeal has been dismissed. There is simply no case or controversy properly before the court that is related to the fees dispute.

In *Garrick v. Weaver,* 888 F.2d 687, 690 (10th Cir.1989), and *Jenkins v. Weinshienk,* 670 F.2d 915, 918–920 (10th Cir.1982), the Tenth Circuit held that attorney's fees may

be determined under the court's ancillary jurisdiction. The Tenth Circuit has stated that ancillary jurisdiction is justified because "a federal court acquires jurisdiction of a case or controversy in its entirety." *Jenkins,* 670 F.2d at 918.

However, the instant case is distinguishable from almost all of the cases which have held that the exercise of ancillary jurisdiction over attorney's fee disputes is proper. In those cases, the court either still had jurisdiction over the principal claim, *McGill v. City of Ottawa,* 773 F.Supp. 1473 (D.Kan.1991) (resolving a dispute over attorney's fees after the case was settled, but before an order of dismissal was filed); *Jenkins,* 670 F.2d 915 (party's former attorney asserted lien for fees and refused to relinquish papers needed in the principal case); *Jersey Land and Dev. Corp. v. United States,* 342 F.Supp. 48 (D.N.J.1972) (attorney's lien over papers needed in principal case); *State of Iowa,* 281 F.Supp. 391 (principal antitrust claim still properly before court); *In re Hoy's Claim,* 93 F.Supp. 265 (D.Mass.1950) (motion to dismiss pending); *American Federation of Tobacco Growers v. Allen,* 186 F.2d 590, 591 (4th Cir.1951) (no final judgment had been entered), or was resolving the fee dispute as a part of supervising and directing the distribution of a fund that had been deposited with the court, *Moore Bros. Constr. Co. v. City of St. Louis,* 159 F.2d 586 (7th Cir.1974); *Garrick,* 888 F.2d at 689; *Rosquist v. Soo Line RR,* 692 F.2d 1107, 1110 (7th Cir.1982); *Elder v. Metropolitan Freight Carriers, Inc.,* 543 F.2d 513, 518 (3d Cir.1976). *But cf. Brown v. Watkins Motor Lines, Inc.,* 596 F.2d 129 (5th Cir.1979) (funds in court's registry did not justify exercise of ancillary jurisdiction).

The only case the court has found authorizing the exercise of ancillary jurisdiction after the termination of the main action is *In re Coordinated Pretrial Proceedings, Etc.,* 520 F.Supp. 635 (D.Minn.1981). In that case, the court held, "[a]ncillary jurisdiction does not depend on the pendency of the main action, but exists both during and after the main action for the same policy reasons which determine whether the court should exercise

that jurisdiction and entertain the Petition." *Id.* at 650. The court reasoned,

> [i]t would be anomalous if federal ancillary jurisdiction existed to protect the plaintiff's attorney who was discharged during the pendency of the main action but did not exist to protect the plaintiff's attorney who successfully settled and dismissed the main action for the plaintiff in the main action and thereafter became involved in a fee dispute with that plaintiff.

*Id.*

The court cited *Schmidt v. Zazzara,* 544 F.2d 412, 414 (9th Cir.1976), *Moore Bros. Constr. Co.,* 159 F.2d 586, and *In re Hoy's Claim,* 93 F.Supp. 265, as cases where ancillary jurisdiction was exercised after the main action concluded. We do not believe that these cases support the notion that ancillary jurisdiction is proper after termination of primary jurisdiction. As we discussed above, in *Moore Bros.,* 159 F.2d 586 (fund deposited in the court's registry), and *Hoy's Claim,* 93 F.Supp. at 266 (principal claim not dismissed), the court still had jurisdiction over matters in the underlying case when the attorney's fees issues were decided.

In *Schmidt,* the Ninth Circuit approved the exercise of "equitable jurisdiction" over an attorneys' fees dispute after the entry of judgment. The instant case is distinguishable on two significant grounds: first, *Schmidt* involved a question of whether the defendants were required to pay the attorney's fees incurred by the plaintiff in enforcing the settlement agreement; and second, the court in *Schmidt* expressly retained jurisdiction over the attorney's fee issue when it entered judgment. *Id.* at 413–14.

We decline to follow *Coordinated Pretrial* because we do not believe that ancillary jurisdiction is proper after jurisdiction over the principal claim has terminated. *See Bounougias v. Peters,* 369 F.2d 247 (7th Cir.1966) (main action concluded before fee dispute arose); *Adams v. Allied Chemical Corp.,* 503 F.Supp. 253 (E.D.Va.1980) (main action settled and apparently terminated before fee petition to the court).[1]

1. The court in *Coordinated Pretrial,* 520 F.Supp. at 651, discussed *Bounougias* and *Adams* as

cases following the minority view that attorney's fee disputes can never be decided under the

We recognize that our holding could lead to the "anomaly" which concerned the court in *Coordinated Pretrial*, 520 F.Supp. at 650, i.e., that a court has jurisdiction to resolve a fee dispute when an attorney's representation is terminated midway through litigation, but not after an attorney prosecutes a case to its conclusion. However, we do not believe that even this possible incongruity justifies the exercise of ancillary jurisdiction after the termination of jurisdiction in the main case. *See Aetna Ins. Co. v. Chicago, Rock Island & Pacific RR. Co.*, 229 F.2d at 586 (Ancillary jurisdiction is "dependent upon the jurisdiction of the court over the principal suit."). We, therefore, decline to exercise ancillary jurisdiction over the fee dispute here.

■ Plaintiff has filed a separate motion requesting an order for arbitration of the fee dispute. While the parties certainly can voluntarily enter into arbitration of the fee dispute, we have no jurisdiction to order arbitration. Even if we had jurisdiction, we know of no basis for granting such relief.

IT IS THEREFORE ORDERED that the motion of plaintiff's attorneys to modify the order of dismissal (Doc. # 107) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to submit the attorneys' fee dispute to arbitration (Doc. # 110) is denied.

court's ancillary jurisdiction because such matters lack a direct or logical connection to the main action. We do not wish to be interpreted as having joined the minority view on that issue. Rather, to the extent that *Bounougias* and *Adams* stand for the proposition that the court may never entertain an attorney's fees dispute under the court's ancillary jurisdiction, we are guided by *Garrick* and *Jenkins* to disagree with them. For clarity, we cite *Bounougias* and *Adams* only as examples of courts that have declined to exercise ancillary jurisdiction after termination of jurisdiction over the principal claim.