David E. HOXENG, d/b/a ADX
Communications,
Plaintiff,

v.

TOPEKA BROADCOMM INC.,
et al., Defendants.

Civil Action No. 94–2284–GLR.

United States District Court,
D. Kansas.

Dec. 27, 1996.

Timothy H. Girard, Grant M. Glenn, Bruce J. Woner, Woner, Glenn, Reeder & Girard, Topeka, KS, for plaintiff David E. Hoxeng.

Marta Fisher Linenberger, Arthur E. Palmer, Goodell, Stratton, Edmonds & Palm-er, Topeka, KS, for defendant Topeka Broadcomm, Inc.

Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendant Recoll Management Corp.

Martha A. Peterson, Myron L. Listrom, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for defendants Twenty First Century Broadcasting Inc., Marvin Wilson.

Grant M. Glenn, Woner, Glenn, Reeder & Girard, Topeka, KS, for movant Woner & Glenn P.A.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Before the court is a Motion for Order Pursuant to K.S.A. Sec. 7–109 (doc. 360) filed by Woner & Glenn, P.A. The movant law firm has represented plaintiff David Hoxeng in this action. It seeks an order to resolve a fee dispute between it and plaintiff.

The court declines to entertain and thus overrules the motion for lack of jurisdiction. Federal courts may have ancillary jurisdiction to resolve disputes involving attorneys' fees with respect to work done in an underlying federal action. *See McGill v. City of Ottawa,* 773 F.Supp. 1473, 1474 (D.Kan.1991). They do not retain jurisdiction, however, to resolve a fee dispute "when jurisdiction over the principal claim has terminated." *See Auxier v. Abitibi–Price Corp.,* 857 F.Supp. 59, 61 (D.Kan.1994). A federal court may properly exercise ancillary jurisdiction over a fee dispute only when it has retained jurisdiction over the principal claim or when it resolves the dispute as part of supervising and directing the distribution of a fund that has been deposited with the court. *Id.*

In this instance the court has no continuing jurisdiction over the principal claim in this case. That claim has been fully resolved. Plaintiff has filed a Satisfaction of Judgment (doc. 354). It states that "payment in settlement of the judgment has been made, and the judgement [sic] is satisfied." It contains no provision that satisfaction of

judgment depends upon the payment of attorneys' fees. It contains no provision for this court to supervise and direct the distribution of any fund. None of the parties have deposited a fund with the court. "Ancillary jurisdiction does not allow [this court] to resolve the instant dispute over attorneys' fees because the court does not have jurisdiction over any principal claim—plaintiff's" case has been tried to a jury, judgment has been entered, and all appeals have been voluntarily dismissed. *See Auxier,* 857 F.Supp. at 60. "There is simply no case or controversy properly before the court that is related to the fees dispute." *Id.*

The motion cites no authority, furthermore, for the proposal that the court may order the proceeds of settlement to be paid to the Clerk. The court otherwise knows of no such authority. It may not, like a phoenix, arise and create its own jurisdiction over a new dispute between plaintiff and his attorneys.

For the foregoing reasons, the court declines jurisdiction and thus overrules the Motion for Order Pursuant to K.S.A. Sec. 7–109 (doc. 360).

IT IS SO ORDERED.