C. Thomas **RYTHER**, Plaintiff,

v.

**KARE 11, an NBC Affiliate, Wholly Owned by Gannett, Co., Inc., a Delaware corporation and Gannett, Co., Inc, a Delaware corporation, Defendants.**

C. Thomas **RYTHER**, Plaintiff,

v.

**LARKIN, HOFFMAN, DALY & LINDGREN, LTD., a Minnesota professional corporation, Defendant.**

Civil Nos. 4–91–943, 97–1813(DSD/JMM).

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 16, 1997.

Donna L. Roback, James K. Martin, Larkin, Hoffman, Daly & Lindgren, Bloomington, MN, for plaintiff C. Thomas Ryther.

Thomas W. Tinkham, Dorsey & Whitney, Minneapolis, MN, Karen L. Clauson, MCI Telecommunications Corporation, Denver, CO, for defendant KARE 11 and Gannett Co., Inc.

Paul W. Chamberlain, Matthew J. Maletta, Chamberlain & Neaton, P.L.L.P., Wayzata, MN, for plaintiff.

Michael Berens, Kelly & Berens, P.A., Minneapolis, MN, for defendant Larkin, Hoffman, Daly & Lindgren, Ltd.

## ORDER

DOTY, District Judge.

This matter is before the court in Civil No. 97–1813 on plaintiff's motion to remand to state court and in Civil No. 4–91–943 on defendant's motion to determine and establish amount of attorney's lien. Based on a review of the file, record, and proceedings herein, the court in Civil No. 97–1813 grants plaintiff's motion to remand and in Civil No. 4–91–943 denies defendant's motion to determine and establish amount of attorney's lien.

## BACKGROUND

The genesis of both matters currently before the court lies in plaintiff C. Thomas

Ryther's ("Ryther") engagement of defendant Larkin, Hoffman, Daly & Lindgren ("LHDL") to pursue age discrimination claims on Ryther's behalf against Kare 11 Television, Ryther's former employer. Pursuant to a contingent fee agreement, LHDL successfully prosecuted Ryther's claim against Kare 11 and secured a jury verdict in Ryther's favor. When Kare 11 appealed, Ryther and LHDL executed an amendment to the original contingent fee agreement to compensate LHDL for its representation of Ryther on appeal.

After the Eighth Circuit upheld the jury verdict and judgment and the Supreme Court denied review, a dispute arose between Ryther and LHDL over the inclusion of court-awarded attorney fees and costs in LHDL's share of the recovery under the original agreement and the amendment and LHDL's settlement on Ryther's behalf of a dispute with Kare 11 over accrued interest on the judgment.

Ryther filed suit against LHDL in the Hennepin County District Court on July 28, 1997, asserting separate claims for breach of contract, conversion, statutory attorney deceit, breach of fiduciary duty, and negligence. LHDL removed that action to this court on August 7, 1997. Ryther now moves this court to remand this case to the Hennepin County District Court.

Also before the court is LHDL's motion to establish an attorney lien claimed under Minnesota Statutes § 481.13 and to determine the amount of such lien.

## DISCUSSION

### A. Ryther's Motion to Remand to State Court

Plaintiff Ryther originally brought this action in Hennepin County District Court. Defendant LHDL, pursuant to 28 U.S.C. § 1446, filed a Notice of Removal, thereby removing the action to federal court. Ryther has now filed a motion to remand, requesting that this action be remanded to state court.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978). The purpose of the removal statutes is to restrict and limit removal jurisdiction, such that removal statutes are to be construed narrowly and any doubt should be resolved against removal jurisdiction. *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). An action may be removed to federal court if it presents a federal question or if diversity jurisdiction exists. *See* 28 U.S.C. § 1441. In addition, a federal court may acquire jurisdiction over an otherwise nonremovable claim when such claim is joined with a federal question. Pursuant to 28 U.S.C. § 1441(c), "Whenever a [federal question] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

LHDL argues that Ryther's state law claim "actually constitutes a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1337." Notice of Removal ¶ 8. LHDL seems to argue that because Ryther's complaint in state court concerns the relationship between Ryther and LHDL during the pendency of a federal ADEA action, this court has original jurisdiction and should resolve the claims that have been removed from state court. The court does not agree with LHDL's argument. While the court did have original jurisdiction at one time over Ryther's ADEA claim, original jurisdiction does not exist to hear state law claims between non-diverse parties. There is simply no basis for removal of Ryther's complaint in state court based on this court's original jurisdiction. In addition, the relationship between the resolved ADEA claim and the sundry claims presented by Ryther's removed case is far too tenuous to come within the ambit of 28 U.S.C. § 1441(c). To hold that unique state law claims can be removed to this court by bootstrapping them onto a fully resolved federal question is stretching the meaning of § 1441(c) much too far.

While LHDL cites a number of cases in its notice of removal for the proposition that this court has original jurisdiction, these cases

concern this court's supplemental jurisdiction over claims related to the resolved ADEA claim, and will be discussed below. LHDL's argument confuses this court's power to hear a case under § 1441 (removal) and § 1367 (supplemental jurisdiction). This court therefore remands the entirety of Ryther's complaint to the Hennepin County District Court.

### B. LHDL's Motion to Establish and Determine Amount of Lien

Also before the court is LHDL's motion to establish and determine the amount of an attorney lien that LHDL claims on the cause of action entitled *Ryther v. Kare 11,* the judgment entered in that litigation, and all monies paid to or received on behalf of Ryther. Again, the critical question facing the court is whether it should exercise jurisdiction to hear this matter.

■ Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The purpose of supplemental jurisdiction is to promote judicial economy and fairness, "so that complete justice may be done." *State of Iowa v. Union Asphalt & Roadoils, Inc.,* 281 F.Supp. 391, 396 (S.D.Iowa 1968), *aff'd,* 409 F.2d 1239 (8th Cir.1969). A district court may, however, decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," 28 U.S.C. § 1367(c)(2), or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

■ The court is aware that on several previous occasions district courts in this district have found proper the exercise of continued supplemental jurisdiction over attorney lien matters after the completion of the primary proceedings before the court. *See Zack v. City of Minneapolis,* 601 F.Supp. 117 (D.Minn.1985); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* 520 F.Supp. 635 (D.Minn.1981) ("*Coordinated Pretrial* "). For reasons set out below, however, this court finds such precedent § unpersuasive in this case.

In *Coordinated Pretrial,* then Chief Judge Lord held that "[ancillary jurisdiction does not depend on the pendency of the main action, but exists both during and after the main action.]" *Coordinated Pretrial,* 520 F.Supp. at 650. In finding ancillary jurisdiction proper, Judge Lord relied on *Schmidt v. Zazzara,* 544 F.2d 412 (9th Cir.1976), *Moore Bros. Const. Co. v. City of St. Louis,* 159 F.2d 586 (7th Cir.1947), and *In re Hoy's Claim,* 93 F.Supp. 265 (D.Mass.1950) as cases where ancillary jurisdiction was exercised after the main action concluded. *Coordinated Pretrial,* 520 F.Supp. at 650. In each of those cases, however, the court still had jurisdiction over some matter remaining from the underlying case when the attorney's fee issue arose.

In *Schmidt,* the Ninth Circuit upheld the jurisdiction of the district court to resolve a fee dispute between the parties. *Schmidt,* 544 F.2d at 414. In that case, however, the district court expressly retained jurisdiction over a possible attorney fee dispute when it entered its retroactive judgment. In *Moore Bros. Const.,* a fund was deposited with the district court for the payment of attorney's fees, and the Seventh Circuit found that the district court had jurisdiction to determine the rights of several claimants to the fund. *Moore Bros. Const. Co.,* 159 F.2d at 588. In *In re Hoy's Claim,* the attorney lien issue arose while the court retained jurisdiction over the client's cause of action. *In re Hoy's Claim,* 93 F.Supp. at 266.

Because in each case relied upon by *Coordinated Pretrial* some matter remained before the court when the court exercised supplemental jurisdiction, the rationale behind *Coordinated Pretrial* is questionable here. In this case the court did not retain jurisdiction over any fee dispute. Such dispute did not even arise until after the Supreme Court denied certiorari, which brought the case to completion. No funds remain within the possession or control of the court that are to be

distributed upon resolution of the attorney fee dispute. In fact, no matter relating to Ryther's original ADEA claim, the source of the court's original federal question jurisdiction, was pending before any federal court when LHDL brought this motion.

Several recent cases are in agreement with this court's reading of *Coordinated Pretrial* and the decision not to exercise jurisdiction. *See Auxier v. Abitibi–Price Corp.*, 857 F.Supp. 59, 61 (D.Kan.1994) ("We decline to follow *Coordinated Pretrial* because we do not believe that ancillary jurisdiction is proper after jurisdiction over the principal claim has terminated"). *See also Hoxeng v. Topeka Broadcomm, Inc.*, 949 F.Supp. 807 (D.Kan.1996) (citing *Auxier* and holding that no jurisdiction exists when jurisdiction over the principal claim has terminated). *See also Bounougias v. Peters*, 369 F.2d 247, 249 (7th Cir.1966), *cert. den'd*, 386 U.S. 983, 87 S.Ct. 1288, 18 L.Ed.2d 232 (1967) (holding that district court did not have jurisdiction to hear a fee dispute when the underlying tort litigation was completely terminated, the court's judgment was satisfied and distributed, the court had no property connected with the fee dispute in its custody or control, the subject matter of the fee dispute was wholly different from the tort suit and did not relate to enforcement of that suit's judgment); *Adams v. Allied Chemical Corp.*, 503 F.Supp. 253, 255 (E.D.Va.1980) (noting that where there is no nexus between the main matter and the fee dispute, apart from the fortuity that the latter arose during the course of the former, the fee dispute is not ancillary).

A second case from this district, *Zack v. City of Minneapolis*, 601 F.Supp. 117 (D.Minn.1985), also held, like *Coordinated Pretrial*, that an attempt to establish an attorney's lien was related to an action over which the court had jurisdiction and that supplemental jurisdiction existed to determine the existence of such a lien. In that case, however, no breach of contract or other related state law claims were pending in state court. Here, the amount of fees due LHDL is interwoven with Ryther's state law claims over which this court has no jurisdiction. LHDL's motion concerns a tangential issue grounded in state law that is presented to the court after the claim giving rise to federal jurisdiction has been fully and finally litigated. In such a situation, the court believes the claims grounded in state law substantially predominate over the federal question, if one still remains, and there is a compelling reason for this court to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2) and (c)(4).

In support of its motion, LHDL cites *Wing v. East River Chinese Restaurant*, 884 F.Supp. 663 (E.D.N.Y.1995) and *Kalyawongsa v. Moffett*, 105 F.3d 283 (6th Cir.1997) for the proposition that federal courts should as a matter of judicial economy and fairness resolve fee disputes. LHDL cites a portion of *Wing* stating:

> Several factors weigh in favor of exercising jurisdiction over the fee dispute: this Court's familiarity with the subject matter of the suit, including the amount and quality of work performed by petitioner law firm; this court's responsibility in protecting its own officers; the fact that the convenience of the parties would be served equally well whether the case was litigated in federal or state court.

*Wing*, 884 F.Supp. at 667. Similarly, LHDL points to the Seventh Circuit decision in *Kalyawongsa*, which upheld the exercise of supplemental jurisdiction over fee disputes related to a main action and stated that:

> Resolution of related fee disputes is often required to provide a full and fair resolution of the litigation. Unlike a state court judge hearing a separate contract action, a federal judge who has presided over a case is already familiar with the relevant facts and legal issues. Considerations of judicial economy are at stake.

*Kalyawongsa*, 105 F.3d at 287–88.

While the court recognizes that in certain situations such considerations are relevant, it is clear that this not such a case. The amount of fees is not at issue here; the parties disagree as to how fees that have already been determined should be split under their contingent fee agreement. The dispute between Ryther and LHDL does not call for this court's expertise, nor call upon this court's knowledge of the subject matter of the underlying suit or the quality and

quantity of work performed. Judicial economy militates against jurisdiction in this case, as even if the court were to resolve the attorney lien issue, other state law claims outside this court's jurisdiction would still have to be heard by a state court.

■ Whether this court should exercise supplemental jurisdiction is a decision that "must turn on a careful analysis of the facts of the particular case, balancing the purposes to be served by disposition of the ancillary matter against the obligation of the federal court to avoid needless decisions of state law." *Adams,* 503 F.Supp. at 255. There is little question that if the court were presented with this issue while the underlying ADEA claim was still pending, supplemental jurisdiction would be proper. Here, however, the entirety of Ryther's ADEA claim has been adjudicated and there is no basis for this court to exercise continued jurisdiction over a case that is no longer before any federal court. There is no nexus with the ADEA claim apart from the fortuity that the fee dispute arose over interpretation of contracts entered into during the ADEA litigation.

Because the court holds that jurisdiction over this matter is not proper, it does not reach the question of valuation of the lien at issue.

## CONCLUSION

Based on the foregoing, the court concludes that removal of Ryther's state law claims to this court was improper and this court no longer has subject matter jurisdiction over any matter so as to be able to determine and establish the value of an attorney lien. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Ryther's motion in Civil No. 97–1813 to remand to Hennepin County District Court is granted.

2. Defendant LHDL's motion in Civil No. 4–91–943 to establish and determine the amount of attorney lien is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**