**Mary Jane SCHMIDT, as Trustee of the Revocable Living Trust of Harry J. Hoenselaar, Plaintiff-Appellee,**

v.

**C. Vincent ZAZZARA and John H. Kirk, Jr., Defendants-Appellants.**

No. 75–2285.

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1976.

David S. Romney (argued), of Romney, Schapp, Golant, Scillieri & Ashen, Beverly Hills, Cal., for petitioners.

Gregory M. MacGregor (argued), of Ervin, Cohen & Jessup, Beverly Hills, Cal., for respondent.

Before DUNIWAY, KILKENNY and CHOY, Circuit Judges.

DUNIWAY, Circuit Judge:

Zazzara and Kirk appeal from an order awarding certain attorney's fees to Mary Jane Schmidt.[1] We affirm.

Schmidt brought a patent infringement action in the district court against Zazzara, Kirk, and various other parties. Two weeks before the scheduled trial date, which was December 17, 1974, Zazzara and Kirk initiated extensive settlement negotiations with counsel for Schmidt. Kirk is an attorney, and purported to act for all defendants, for whom he was attorney of record. On December 10, an "Agreement for Settlement of Lawsuit and Mutual General Release" was signed by Kirk as counsel for all defendants and by counsel for plaintiff. Zazzara, as a party in interest, was also supposed to sign the agreement that day, but he failed to appear. The next day counsel for Schmidt was informed that Zazzara had retained a special patent attorney and refused to sign the agreement. Kirk then sought a 60-day continuance of trial, and, when that was denied, informed Schmidt's counsel that defendants were going to prepare for trial as scheduled on December 17. As a result, although believing the agreement to be valid and binding on all parties, Schmidt's attorneys began intensive trial preparations.

On December 16, counsel for Schmidt filed a motion for a hearing to determine the legal effect of the agreement, which called for the entry of a consent judgment, the form and content of which had also been approved in writing by Kirk and by Schmidt's counsel. The motion was noticed for December 17, the trial date. The motion asked that the court hold the agreement binding, sign and enter the consent judgment, and award Schmidt all of her expenses, including attorney's fees, incurred after December 10, the day that the agreement was signed by the attorneys. On the same day, Zazzara again changed his mind and had Kirk notify counsel for Schmidt that defendants were all willing to sign the negotiated agreement. Judge Hauk then agreed to call an emergency conference that evening to settle the matter.

At the conference, Schmidt was somewhat reluctant to sign the agreement because she claimed that a major incentive for her initial agreement was to avoid the expense of trial preparations, which had by then been incurred. She did not, however, abandon her position that the agreement was binding and that therefore the consent judgment should be signed and entered. Judge Hauk pointed out that the consent judgment provides "each party to bear its own costs and attorney's fees," and expressed great doubt that, in face of that provision, he could enter the award requested. Finally, he signed and entered the judgment nunc pro tunc as of December 10, saying:

> Now since I signed it nunc pro tunc as of the date the attorneys signed it—and everybody has signed it now—I am signing it today as noted, as of December 16, 1974, but effective, nunc pro tunc, as of December 10, 1974, which I think it should be in all fairness. Now that leaves the way open for the plaintiff, if the plaintiff is so minded, to file a motion, as indicated they wanted to, and affidavits and points and authorities for sanctions, for attorney's fees and costs incurred subsequent to December 10th up until today.

It was agreed between the court and counsel that the motion, supported by affidavits

---

1. The case came to this court as a petition by Zazzara and Kirk for a writ of mandamus to compel the district court to annul its order. However, because the order was made after final judgment, and is itself final and therefore appealable under 28 U.S.C. § 1291, we ordered the case treated as an appeal. *See Olympic Refinery Co. v. Carter*, 9 Cir., 1964, 332 F.2d 260, 263.

and points and authorities, be filed by January 20, that defendants' response be filed by February 20, plaintiff's reply by February 28, and the motion would be heard on March 17.

On January 20, 1975, Schmidt moved for an award of attorney's fees against Zazzara and Kirk under 35 U.S.C. § 285 in the amount of $15,966.41. On May 9, Judge Hauk entered an order awarding attorney's fees to Schmidt for the period from December 10 through the 16th in the amount of $2,100. The appeal is from that order.

■ Zazzara first argues that the district court erred in retaining jurisdiction over the question of attorney's fees after the consent judgment had been entered. We do not agree. Allowance of attorney's fees "is part of the historic equity jurisdiction of the federal courts," *Sprague v. Ticonic Bank*, 1939, 307 U.S. 161, 164, 59 S.Ct. 777, 779, 83 L.Ed. 1184 and the district court could properly retain jurisdiction to determine appropriate attorney's fees ancillary to the case, *Corcoran v. Columbia Broadcasting Syst.*, 9 Cir., 1941, 121 F.2d 575. It was "not necessary to relegate plaintiff to a separate action to recover fees." *Globus, Inc. v. Jaroff*, S.D.N.Y., 1968, 279 F.Supp. 807, 809.

■ Likewise, Zazzara's claim that the award was beyond the district court's jurisdiction because of the clause in the consent judgment requiring "each party to bear its own costs and attorney's fees" is without merit. The consent judgment was entered effective December 10, the day the agreement was first signed by the attorneys, before the attorney's expense involved here was incurred. Schmidt's agreement to the December 10 settlement was in part based on her desire to avoid the expense of trial preparation. We cannot agree that the clause leaving each party to bear its own costs was means to cover costs incurred subsequent to, and resulting from a bad faith attempt to repudiate, the very agreement in which it appeared. The consent judgment embodies an elaborate injunction against the defendants. If they should breach it, thus causing Schmidt to institute

proceedings to enforce it, the defendants would be in no position to argue that the judgment would bar her claim for attorney's fees incurred in the enforcement proceeding. Schmidt's motion to compel performance of the settlement agreement and entry of the judgment is analogous to such an enforcement proceeding.

■ There remains the issue of whether the district court had the authority to grant such attorney's fees. Title 35 U.S.C. § 285 states that: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Commenting on this section, we have stated:

> The exercise of discretion in favor of an allowance of attorneys' fees should be based upon a finding of unfairness or bad faith in the conduct of the losing party . . . . Where the district court has clearly stated the basis for its award of attorneys' fees, this court may not interfere with the district court's exercise of discretion except where there is an abuse of discretion amounting to caprice or an erroneous conception of law . . . . *Purer & Co. v. Aktiebolaget Addo*, 9 Cir., 1969, 410 F.2d 871, 880.

Here, the district court found that Zazzara's and Kirk's attempt to repudiate the settlement agreement did involve the requisite bad faith so as to make this an exceptional case. That conclusion was fully justified. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 1975, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141.

■ The more difficult question is whether Schmidt can be deemed to be the "prevailing party." We believe that she can. Upon notice of Zazzara's refusal to sign the agreement, Schmidt's attorney filed a motion to compel compliance with the agreement. The district court granted that motion and entered the consent judgment. Even though Schmidt was by then reluctant to enforce the settlement because of the substantial costs incurred in preparing for trial, we find that by granting her motion and entering the judgment which she originally sought and which Zazzara

and Kirk originally tried to repudiate, the court made Schmidt the "prevailing party within the spirit and intent of the statute." *Corcoran v. Columbia Broadcasting Syst., supra,* 121 F.2d at 576. The judgment in this case gives Schmidt most of the relief that she demanded in her complaint. Thus, the award of attorney's fees was well within the sound discretion of the district court. *Ashcroft v. Paper Mate Mfg. Co.,* 9 Cir., 1970, 434 F.2d 910, 915.

We reject as completely baseless the appellants' argument that they should be awarded attorney's fees against Schmidt.

The order appealed from is affirmed.