**Terry O'CONNOR, as successor in interest to Capital Development Company, a California corporation; Plaintiff–Appellee,**

v.

**Gary L. COLVIN, Defendant–Appellant.**

**Nos. 94–15890, 94–16299.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 1995 *.

Decided Nov. 1, 1995.

---

*** Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Gary L. Colvin, Clovis, California, pro se, defendant-appellant.

Terry O'Connor, Thomas, Snell, Jamison, Russell and Asperger, Fresno, California, for plaintiff-appellee.

Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.

PER CURIAM:

We consider whether the district court had jurisdiction to enforce a settlement agreement that resolved a federal case. We conclude that it did not and vacate. We have jurisdiction under 28 U.S.C. § 1291.

## I. BACKGROUND

In 1991, a dispute arose among Colvin, O'Connor and others about the ownership of certain computer programs. O'Connor sued Colvin and other defendants in state court, and the case was removed to federal district court based on the exclusive federal jurisdiction over copyrights, 28 U.S.C. § 1338(a).

In 1993, after court-supervised settlement negotiations, the parties entered into a settlement agreement. They filed the agreement and a stipulation for dismissal with the court, after which the court dismissed the case with prejudice.

Under the settlement agreement, O'Connor was to pay Colvin $46,600, and Colvin was to provide O'Connor with copies of the disputed software in accordance with the terms of an incorporated licensing agreement. O'Connor paid, but Colvin delivered the software in an unusable format, charging that O'Connor had fraudulently altered the licensing agreement and was not complying with its terms or the terms of the settlement agreement.

O'Connor went back to federal district court and filed a motion to compel Colvin to perform his obligations under the settlement agreement. Colvin protested on three grounds. First, he argued that the court lacked subject matter jurisdiction over the motion. Second, he insisted that the parties had agreed to arbitrate any disputes. Third, during the course of the renewed litigation, he charged that the magistrate should be disqualified because of ex parte communications and bias. The magistrate rejected each of Colvin's contentions and recommended that the district court compel Colvin to turn over the software in usable format and sanction him. The district court, after reviewing the case de novo, adopted the magistrate's report and recommendations in pertinent part. Colvin appealed.

## II. ANALYSIS

Colvin argues that the district court lacked jurisdiction to enforce the settlement agreement. We agree. In *Kokkonen v. Guardian Life Ins. Co.*, — U.S. —, — – —, 114 S.Ct. 1673, 1676–77, 128 L.Ed.2d

391 (1994), the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit. When the initial action is dismissed, federal jurisdiction terminates. *Id.* A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction. *Id.*

■ The parties here have alleged no facts that would justify federal jurisdiction over the settlement dispute. The parties are not alleged to be diverse, and no statute provides for federal jurisdiction over this contract dispute. The fact that the subject matter of the contract is copyrighted does not confer jurisdiction. *Topolos v. Caldewey*, 698 F.2d 991, 993 (9th Cir.1983) (no federal jurisdiction over contract claims even if contract involves copyrighted material).

The Court in *Kokkonen* recognized an exception to its rule that federal courts lack jurisdiction to enforce settlement agreements: "we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree." *Id.* — U.S. at —, 114 S.Ct. at 1677. If the dismissal order incorporates the settlement terms, the Court reasoned, a violation of those terms would amount to a violation of the court's order. The court would then have ancillary jurisdiction to "vindicate its authority." *Id.* at —, 114 S.Ct. at 1676.

Here, the parties entered into a settlement agreement and filed it with the court. They also executed a stipulation of dismissal pursuant to Rule 41(a)(1)(ii). The stipulation did not recite the terms of the settlement. At the conclusion of the stipulation, in the same document, was the following order, signed by the court:

> Based on the Settlement Agreement amongst the parties, this Stipulation for dismissal amongst the parties, and for good cause:
> IT IS HEREBY ORDERED that the Action including all cross-claims and counterclaims is dismissed in its entirety with prejudice.

O'Connor asserts that because the dismissal was by its terms "based on" the settlement agreement, the district court retained jurisdiction. He argues that the order "specifically refers to the Settlement Agreement and ties performance of the Agreement and the dismissal together." The district court, in an opinion rendered shortly before *Kokkonen* was decided, came to the same conclusion.

■ With the benefit of the *Kokkonen* decision to guide us, we hold that an order "based on" the settlement agreement, without more, does not "embody the settlement contract," *Kokkonen*, — U.S. at —, 114 S.Ct. at 1677, and is insufficient to create ancillary jurisdiction. Any dismissal under Fed.R.Civ.P. 41(a)(1)(ii) is necessarily "based on" a settlement and stipulation to dismiss. To read this language as "incorporating the terms of the settlement," *id.* at —, 114 S.Ct. at 1677, would negate the holding of *Kokkonen.* The settlement terms must be part of the dismissal in order for violation of the settlement agreement to amount to a violation of the court's order. *Kokkonen*, — U.S. at —, 114 S.Ct. at 1677. Without a violation of the court's order, there is no jurisdiction. *Id.*

■ Nor do the facts that the settlement agreement was filed with the court and that the court supervised the settlement negotiations create jurisdiction. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.*

■ Indeed, even a district court's expressed intention to retain jurisdiction is insufficient to confer jurisdiction if that intention is not expressed in the order of dismissal. In *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir.1995), the district court presided over settlement negotiations and pronounced, "I will act as a czar with regard to the drafting of the settlement papers and the construction of this settlement and the execution of this settlement." But the order of dismissal merely recited: "Counsel having informed the court that this action has been settled, this action is dismissed with prejudice ...". We found that the court had not

retained jurisdiction over the settlement because "the Dismissal neither expressly reserves jurisdiction nor incorporates the terms of the settlement agreement." *Id.* The same reasoning applies here.

Because we find the court lacked jurisdiction to address any disputes over the settlement agreement, we do not reach the question whether the parties agreed to arbitrate disputes over the settlement agreement, and we do not examine the magistrate's alleged bias or ex parte communications.

## III. *CONCLUSION*

The district court's order compelling compliance with the settlement agreement and imposing sanctions, attorneys' fees and costs on Colvin is vacated and the case is remanded with directions to dismiss for lack of jurisdiction. O'Connor's request that we sanction Colvin for filing a frivolous appeal is denied.

**VACATED AND REMANDED.**