99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OXYCAL LABORATORIES, INC., Plaintiff-Counter-Defendant Appellant,
and
Inter-Cal Corporation, Plaintiff-Appellant,
v.
ALACER CORPORATION, Defendant-Counter-Claimant Appellee,
 No. 96-55026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1996.*
Decided Sept. 30, 1996.
 
 1
 Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Oxycal Laboratories, Inc., and Inter-Cal Corporation (Oxycal) appeal from an order and judgment of the district court denying their "application for sanctions and enforcement of the settlement agreement." On October 3, 1994, Oxycal and defendant Alacer Corp. entered into an agreement to settle the litigation pending between them. The agreement provided, among other things, that "[p]romptly upon execution of this Agreement, the parties shall cause their respective counsel ... to execute and file with the Court the 'Stipulation for Permanent Injunction and Final Judgment' annexed hereto." On October 6, the stipulation and form of final judgment was filed with the court. The court signed the permanent injunction and final judgment that day. They were entered on October 11, 1994.
 
 
 4
 Meanwhile, on October 4, Alacer sent a letter to Rep. Dingell, in violation of the terms of the settlement agreement and the terms of the stipulated injunction. Later, it sent another similar letter dated October 11; there is no evidence indicating (and no claim is made) that the letter was sent after the judgment and injunction were entered. On the basis of those letters, on January 24, 1995, Oxycal filed an application for an order to show cause re contempt and summary enforcement of settlement agreement.
 
 
 5
 The magistrate judge found that Oxycal was not entitled to relief, holding that the acts complained of occurred before the judgment and permanent injunction were entered and, therefore, could not have constituted a violation of the injunction prohibiting those acts. The judge further held that the provision in the injunction ordering the parties to comply with the settlement agreement could not be enforced retroactively with respect to acts that occurred before the injunction was entered. In a subsequent ruling, the judge rejected Oxycal's contention that the injunction became effective when it was filed by the parties, not when it was entered by the court. The district court adopted the magistrate judge's report and recommendation and denied the relief sought. We affirm.
 
 
 6
 Oxycal argues that the settlement agreement became effective when it was entered on October 3. Its argument takes off from a statement in the magistrate judge's report that "there was no binding contract until judgment was actually entered [on] ... October 11, 1994." Based on that conclusion, the judge determined that the settlement agreement had not been violated.
 
 
 7
 Because that determination was not necessary to the decision, there is no need to consider it here. Oxycal's application for relief was premised on a violation by Alacer of the injunction in the underlying action which prohibits dissemination of statements about Oxycal's products and of the judgment which requires compliance with the settlement agreement. On appeal, Oxycal styles the proceeding as one to enforce the settlement agreement. The only jurisdiction the district court possessed, however, (in the absence of an independent breach of contract action), arose under the judgment and injunction it had entered. Cf. Kokkonen v. Guardian Life Ins., 114 S.Ct. 1673, 1676-77 (1994); O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir.1995). Alacer could not have violated the injunction or the judgment until they had been entered by the court on October 11. The court correctly held that the injunction became effective not when the parties filed their papers, but when the court entered it on October 11; the same is true of the judgment. See Fed.R.Civ.P. 58 ("A judgment is effective only when ... entered as provided in Rule 79(a).") The acts complained of occurred before entry of the injunction and the judgment; even if they violated the settlement agreement, they could not be held to have violated injunction or the judgment. Klaus v. Hi-Shear Corporation, 528 F.2d 225, 235 (9th Cir.1975).
 
 
 8
 AFFIRMED. COSTS TO APPELLEE.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Oxycal's and Inter-Cal's request for oral argument is denied
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3