**Wolfgang HOLST, Plaintiff—Appellant,**

v.

**Tom RIDGE,\* Secretary of the Department of Homeland Security, Defendants—Appellees.**

**No. 02–55125.**

**D.C. No. CV–97–08816–TJH.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2003.\*\*

Decided Oct. 15, 2003.

---

Michael A. Brush, Michael A. Brush Law Offices, Beverly Hills, CA, for Plaintiff–Appellant.

Dorothy A. Schouten, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

---

\* Effective March 3, 2003, certain functions of the Department of the Treasury have been transferred to the Department of Homeland Security. Tom Ridge, Secretary of the Department of Homeland Security, is substituted in place of the former Secretary of the Treasury Robert Rubin. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM***

Wolfgang Holst asserts that the district court erred in denying his motion to enforce a prior settlement agreement and to impose sanctions against the government for violating the terms of that settlement agreement. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We affirm.

The district court lacked jurisdiction to reopen the case to enforce the settlement agreement. Generally, federal courts lack jurisdiction to enforce settlement agreements. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir.1995) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). However, an exception to this rule occurs where the order dismissing the action, by agreement of the parties, incorporates the terms of the settlement agreement or otherwise expressly indicates that the court intends to retain jurisdiction over the settlement agreement. *Id.*

In the present case, the district court's Stipulation for Compromise Settlement and Order Dismissing Action purported to retain jurisdiction of Holst's action "pending completion of the terms of settlement." The terms of settlement were completed when Holst was permanently reassigned to the UPS Ontario facility and issued a check for $25,000. Upon the parties' joint filing of the Receipt in Full Satisfaction, the district court issued a final order dismissing the action in its entirety, with prejudice. Nothing in the final order purports to retain jurisdiction over the settlement agreement; therefore, that order ended the district court's jurisdiction over the action. Holst's only remedy, if at all, was to bring a separate breach of contract action for the alleged breach of the settlement agreement. *O'Connor*, 70 F.3d at 532 ("A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction.").

Furthermore, even if the district court had jurisdiction over the settlement agreement, there was no breach by the government. The terms of the settlement agreement required the government to reassign Holst to the UPS Ontario facility and to pay him $25,000. The government performed both of these obligations. Nothing in the settlement agreement required the government to keep the UPS Ontario facility free of scented personal care products. To the contrary, the settlement agreement provided that if Holst could not perform the essential functions of his position at the UPS Ontario facility, he would resign and would not seek any further accommodations for his claimed condition.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.