

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2005

# Nelson v. Comm of PA Welfare

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3875

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Nelson v. Comm of PA Welfare" (2005). *2005 Decisions.* Paper 1548.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1548

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No:  03-3875

———————

MARTIN A. NELSON,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC
WELFARE/
COUNTY BOARD OF ASSISTANCE; FEATHER HOUSTON, Secretary of
DPW Department of Public Welfare/County Board of Assistance

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-cv-05508)
District Judge: Anita B. Brody

———————

Argued May 24, 2004

BEFORE:  ROTH and STAPLETON, <u>Circuit Judges</u>, and
SCHWARZER,[*] <u>Senior District Judge</u>

(Opinion Filed:  January 31, 2005)

———————

[*]The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

Dana V. Szilier, Esquire (Argued)
Thomas M. Holland, Esquire
Law Offices of Thomas More Holland
1522 Locust Street, Grace Hall
Philadelphia, PA 19102

Counsel for Appellant

Howard G. Hopkirk (Argued)
Office of Attorney General of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, A 17120

Theodore E. Lorenz
Office of Attorney General of Pennsylvania
21 South 12 Street, 3rd Floor
Philadelphia, PA 19107

Counsel for Appellee

OPINION

**ROTH,** Circuit Judge:

Martin A. Nelson is blind and has worked for the Commonwealth of

Pennsylvania's Department of Public Welfare from 1970 until his retirement in 2003.

Nelson initiated this suit on November 5, 1999, against the Commonwealth, the DPW and

Feather Houston, Secretary of the DPW.  Nelson sued pursuant to the Americans with

Disabilities Act (ADA), 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 701, the

Pennsylvania Human Relations Act, 43 PA. CON. STAT. ANN. § 953, and 42 U.S.C. §

1983.  The amended complaint also alleged violations of a settlement agreement signed

by Nelson and the DPW that resolved administrative complaints before the Equal Opportunity Employment Commission (EEOC). In the agreement, the DPW promised to perform obligations under a 1993 settlement agreement to accommodate Nelson by providing him with a reader and with computer equipment. On December 9, 2002, the District Court granted defendants' Fed. R. Civ. P. Rule 12(b)(1) motion and dismissed all claims except the Rehabilitation Act claim and the § 1983 claim against Feather Houston. The District Court denied defendants' Rule 12(b)(6) motion to dismiss the two remaining claims. DPW and Houston then filed a motion for judgment on the pleadings. They averred that the relief sought by Nelson was already governed by prior litigation between the parties in *Nelson v. Thornburgh,* 567 F. Supp. 369 (E.D. Pa. 1983), and the 1995 settlement agreement.

The District Court held a telephone conference to discuss the motion. The court granted the motion to dismiss without prejudice under the mistaken impression that Nelson could obtain complete relief by enforcing the 1995 settlement through the District Court's order in *Nelson v. Thornburgh.* Nelson appealed the dismissal and asked that the case be remanded for further proceedings on his Rehabilitation Act and § 1983 claims.

Because we write only for the parties and the facts are familiar to them, we will not repeat the facts here.

When determining whether the District Court had subject matter jurisdiction over a particular case, we consider that question de novo. *Shaffer v. GTE N., Inc.,* 284 F.3d 500,

3

502 (3d. Cir. 2002)*; In Re Phar-Mor, Inc., Sec. Litig.,* 172 F.3d 270, 273 (3d. Cir. 1999).

The United States Supreme Court has extensively addressed the circumstances under which a federal court has jurisdiction to enforce a settlement agreement. See *Kokkonen v. Guardian Life Ins. Co. Of Am.,* 511 U.S. 375 (1994). The Court stated that "[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance . . . requires its own basis for jurisdiction." *Id.* at 378. A district court may have ancillary jurisdiction to enforce a settlement agreement if the court retains jurisdiction by a separate provision or by incorporating the terms of the settlement agreement into an order. *Id.* at 381. The District Court in *Nelson v. Thornburgh* did not retain jurisdiction to enforce its judgment. Nelson agrees that this is so.

Nor did the District Court have subject matter jurisdiction in this case to enforce the 1995 settlement agreement. The proper forum in which to enforce a settlement agreement is the state court "unless there is some independent basis for federal jurisdiction." *Kokkonen,* 511 U.S. at 382*; see also O'Connor v. Colvin,* 70 F.3d 530, 532 (9th Cir. 1995).

The parties entered into the 1995 settlement agreement to settle administrative complaints before the EEOC. This agreement resolved differences between the parties rooted in a 1993 agreement, which was the result of a discrimination charge against the Philadelphia County Assistance Office. Nelson provided as consideration for the 1993 settlement agreement his promise not to institute a lawsuit against the Commonwealth for

4

alleged ADA violations.

A federal court does not have jurisdiction over a settlement agreement just because that agreement settled a federal cause of action. *See O'Connor*, 70 F.3d at 532. The dismissal of the first action terminated federal jurisdiction. *Id.* An action to enforce the settlement then becomes a separate contract dispute, based on the agreement. *Id; see also Shaffer v. Veneman*, 325 F.3d 370, 373 (D.C. Cir. 2003).

If this case were a claim for enforcement of the settlement, it would not require interpreting specific federal statutory provisions. Hence, it would have to be treated as an action for breach of contract – with no independent basis for federal jurisdiction.

Nelson asserts, however, on page 14 of his brief that there is independent jurisdiction for his two remaining claims, the alleged Rehabilitation Act and ADA violations. He goes on to state that the 1995 "settlement agreement is evidence of violations of the Rehabilitation Act occurring after the entry of the final order in *Nelson v. Thornburgh*, the prior action." It appears that, in accordance with the allegations of the amended complaint but contrary to the interpretation of the District Court, Nelson is not attempting to enforce the settlement agreement but rather to pursue his two remaining claims, the Rehabilitation Act claim and the § 1983 claim against Houston.

These two claims must be remanded to the District Court to be adjudicated. We will, therefore, vacate the District Court's dismissal of them and remand them to the District Court for further proceedings. At such time, the District Court will have to

5

consider what impact Nelson's retirement from DPW in June 2003 may have on his claims for relief.