**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEWIS A. HARRY, Jr., | No. 12-15111 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-00507-CKJ |
| v. | |
| ARIZONA, STATE OF; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Arizona state prisoner Lewis A. Harry, Jr., appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging various constitutional

violations and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal under 28 U.S.C. § 1915A); *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly granted summary judgment on Harry's retaliation claim because Harry failed to raise a genuine dispute of material fact as to whether defendant Martinez transferred Harry in retaliation for his filing of grievances or whether the transfer advanced a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (explaining the elements of a retaliation claim under § 1983).

The district court properly dismissed Harry's claims alleging deliberate indifference because Harry did not allege that defendants were deliberately indifferent to any serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to act with deliberate indifference, a prison official must both know of an disregard an excessive risk to an inmate's health or safety).

The district court properly dismissed Harry's claims against the State of Arizona and the Arizona Department of Corrections because those claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which

the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The district court properly dismissed Harry's claims alleging that defendants breached a settlement agreement because it had no jurisdiction to enforce that agreement. *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) ("[F]ederal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit. When the initial action is dismissed, federal jurisdiction terminates.").

Harry's contention that the district court erred in declining to exercise supplemental jurisdiction over his contract claim is unpersuasive.

**AFFIRMED.**