**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAN GOODRICK,

          Plaintiff - Appellant,

   v.

BLADES, Warden; et al.,

          Defendants - Appellees.

No. 12-35802

D.C. No. 1:11-cv-00182-LMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Larry M. Boyle, Magistrate Judge, Presiding[**]

Submitted October 15, 2013[***]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

    Idaho state prisoner Dan Goodrick appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

retaliated against him and denied him access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Goodrick's claim that defendant Schlienz retaliated against him for providing legal assistance to another inmate because Goodrick failed to allege facts showing that Schleinz's conduct chilled the exercise of Goodrick's First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a § 1983 retaliation claim in the prison context).

The district court properly dismissed Goodrick's retaliation claims against the remaining defendants because Goodrick failed to allege their personal involvement in any constitutional violation or a causal connection between their conduct and any such violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the

constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (citation and internal quotation marks omitted)).

The district court properly dismissed Goodrick's claim that defendants Stewart and Mettie denied him access to the courts by damaging a legal book because Goodrick failed to allege that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348, 355 (1996) (an access-to-courts claim requires "actual prejudice with respect to contemplated or existing litigation," and extends only to tools "the inmates need in order to attack their sentences . . . and in order to challenge the conditions of their confinement" (citation and internal quotation marks omitted)).

The district court properly dismissed Goodrick's access-to-courts claims against the remaining defendants because Goodrick failed to allege their personal involvement in any constitutional violation or a causal connection between their conduct and any such violation. *See Iqbal*, 556 U.S. at 678; *Starr*, 652 F.3d at 1207.

Dismissal of Goodrick's claim that defendants violated a state-court consent decree was proper because the district court lacked jurisdiction to enforce the consent decree. *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) ("A

motion to enforce [a] settlement agreement . . . is a separate contract dispute requiring its own independent basis for jurisdiction.").

The district court did not abuse its discretion in dismissing without leave to amend because Goodrick did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

Goodrick's contention that the magistrate judge was biased against him is not supported by the record.

**AFFIRMED.**