**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| K.C., by and through Erica C., her guardian; A.A., by and through Stacey A., her guardian; M.C., by and through Laurie C., her guardian; K.F., by and through Sheree F., her guardian; AMERICAN DIABETES ASSOCIATION, | No. 12-16178 <br><br> D.C. No. 3:05-cv-04077-MMC |
| *Plaintiffs-Appellants*, | OPINION |
| v. | |
| TOM TORLAKSON, in his official capacity as Superintendent of Public Instruction for the State of California, | |
| *Defendant-Appellee*. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted
April 10, 2014—San Francisco, California

Filed August 11, 2014

Before: John T. Noonan, Jacqueline H. Nguyen,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Nguyen

## SUMMARY[*]

### Ancillary Jurisdiction / Attorneys' Fees

The panel reversed the district court's denial, for lack of jurisdiction, of plaintiffs' motion for attorneys' fees for monitoring defendants' compliance with a settlement agreement in an action under the Americans with Disabilities Act and other statutes concerning services for students with diabetes in California public schools.

The district court retained limited jurisdiction to enforce the settlement agreement. Plaintiffs sought attorneys' fees after the court's jurisdiction to enforce the settlement agreement had expired under the terms of that agreement. The panel held that the motion for attorneys' fees did not seek to enforce the settlement agreement; consequently, the conclusion that the district court lacked ancillary jurisdiction to enforce the settlement agreement was irrelevant. The panel also held that the district court independently had ancillary jurisdiction over the post-judgment attorneys' fees dispute, irrespective of the fact that the court's jurisdiction to enforce the settlement agreement had expired. The panel remanded for the district court in its discretion to decide whether to exercise ancillary jurisdiction over the motion for attorneys' fees.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Donna Brorby (argued), Law Office of Donna Brorby, San Francisco, California; Arlene B. Mayerson, Larisa M. Cummings and Charlotte L. Lanvers, Disability Rights Education and Defense Fund, Inc., Berkeley, California, for Plaintiffs-Appellants.

Paul E. Lacy (argued), Deputy General Counsel, Amy Bisson Holloway, General Counsel, Edmundo Aguilar, Assistant General Counsel, and Ava C. Yajima, Deputy General Counsel, California Department of Education, Sacramento, California, for Defendants-Appellees.

**OPINION**

NGUYEN, Circuit Judge:

The common-law doctrine of ancillary jurisdiction over related *claims*, codified as part of a federal court's supplemental jurisdiction under 28 U.S.C. § 1367, is generally well understood. Yet, as the Supreme Court observed, the "doctrine of ancillary jurisdiction can hardly be criticized for being overly rigid or precise," because the more obscure doctrine of ancillary jurisdiction over collateral *proceedings* remains a matter of case law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994); *see* 13 Charles Alan Wright et al., Federal Practice & Procedure § 3523 (3d ed.). The present appeal involves the latter—ancillary jurisdiction over *proceedings* related to, but technically separate from, a federal lawsuit. Under this doctrine, a federal court may exercise ancillary jurisdiction over collateral proceedings in two distinct contexts that are

relevant here: to enforce a settlement agreement, and to resolve an attorney's fees dispute.

Four juvenile plaintiffs, by and through their respective guardians, and the American Diabetes Association (collectively, "Plaintiffs") filed a putative class action against Jack O'Connell, in his official capacity as Superintendent of Public Instruction for the State of California,[1] the State Board of Education and the California Department of Education (collectively, "Defendants"). The parties eventually settled, and the district court retained limited jurisdiction to enforce their settlement agreement. After the court's jurisdiction to enforce the settlement agreement had expired under the terms of that agreement, Plaintiffs filed a motion seeking attorneys' fees for monitoring Defendants' compliance with the agreement. The district court denied the motion for lack of jurisdiction on the ground that its jurisdiction to enforce the settlement agreement had expired.

On appeal, Plaintiffs' argument is two-fold. First, they argue that their motion for attorneys' fees does not seek to enforce the settlement agreement. Consequently, the conclusion that the district court lacks ancillary jurisdiction to enforce the settlement agreement is irrelevant. Second, they argue that the district court independently has ancillary jurisdiction over a post-judgment attorneys' fees dispute, irrespective of the fact that the court's jurisdiction to enforce the settlement agreement has expired. We agree. Therefore, we reverse and remand.

---

[1] Tom Torlakson subsequently replaced Jack O'Connell as superintendent.

## BACKGROUND

In October 2005, Plaintiffs filed a putative class action alleging that Defendants failed to provide necessary services for students with diabetes in California public schools. Plaintiffs alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

In July 2007, the parties entered into a settlement agreement, resolving Plaintiffs' claims (the "Settlement Agreement"). On August 8, 2007, "pursuant to the settlement agreement between the parties, the terms of which [we]re expressly incorporated [t]herein," the district court entered an order of dismissal with prejudice. Under the Settlement Agreement, Plaintiffs' attorneys were awarded $400,000 in fees.[2]

Under paragraph 14 of the Settlement Agreement, the district court retained jurisdiction for two and one-half years from the effective date of the Settlement Agreement, "solely to rule on any motion filed pursuant either to Paragraph 1.b. or to Paragraph 10, of [the Settlement Agreement]." The district court found that the "effective date" of the Settlement Agreement was July 24, 2007.

On November 18, 2011, almost two years after the district court's jurisdiction to enforce the Settlement Agreement had

---

[2] Separately, Plaintiffs' pro bono co-counsel were awarded $30,000 in costs, waiving a claim for potential attorneys' fees in excess of $1,800,000.

expired, Plaintiffs filed a motion for an additional $288,627.41 in attorneys' fees, pursuant to the ADA, 42 U.S.C. § 12205, Section 504, 29 U.S.C. § 794a(b), and the IDEA, 20 U.S.C. § 1415(i)(3)(B), "for their work monitoring implementation of the settlement with the California Department of Education in this matter."

On April 20, 2012, the district court denied Plaintiffs' motion for lack of jurisdiction. The court ruled that the Settlement Agreement limited the "time within which the Court may entertain a motion for such fees," and that the time had expired. On May 15, 2012, Plaintiffs timely appealed.

## JURISDICTION

The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. *Cf. Balla v. Idaho*, 677 F.3d 910, 915 (9th Cir. 2012) ("Periodic fee awards for monitoring compliance with a final judgment are appealable [under Section 1291] if the award disposes of the attorneys' fee issue for the work performed during the time period covered by the award.").

## STANDARDS OF REVIEW

"A district court's decision to deny attorney's fees is reviewed for an abuse of discretion." *United States v. One 1997 Toyota Land Cruiser*, 248 F.3d 899, 903 (9th Cir. 2001). "An abuse of discretion occurs if the district court based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact." *Andrew v. Bowen*, 837 F.2d 875, 877 (9th Cir. 1988). "Any elements of legal analysis and statutory interpretation that figure in the district court's attorneys' fees decision are reviewed de novo." *Barrios v.*

*Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002). Here, "[t]he existence of subject matter jurisdiction is a question of law that we review de novo." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

## DISCUSSION

## I

The "doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378. Broadly speaking, federal courts exercise ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of *claims* that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its *proceedings*, vindicate its authority, and effectuate its decrees." *Id.* at 379–80 (emphases added).

The first and well-known purpose—ancillary jurisdiction over factually interdependent claims—is codified as part of 28 U.S.C. § 1367. *See Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996) ("Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367."). That purpose, however, is not relevant here.

This case instead involves the second, less common purpose—ancillary jurisdiction over collateral proceedings. *Nat'l City Mortgage Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir. 2011) ("Ancillary jurisdiction is a common law doctrine that

survived the codification of supplemental jurisdiction in 28 U.S.C. § 1367."); *see* 13 Charles Alan Wright et al., Federal Practice & Procedure § 3523.2 (3d ed.) (differentiating "supplemental jurisdiction over *claims* asserted in federal court" from "jurisdiction over related *proceedings* that are technically separate from the initial case that invoked federal subject matter jurisdiction" (emphasis in original)).

As the Tenth Circuit has explained, this less common exercise of non-statutory ancillary jurisdiction "rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety.  Incident to the disposition of the principal issues before it, a court may decide collateral matters necessary to render complete justice." *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982).

In particular, this appeal turns on the distinction between a court's ancillary jurisdiction to enforce a settlement agreement and its ancillary jurisdiction over collateral matters such as an attorney's fees dispute.

## II

## A

We first address a court's authority to enforce settlement agreements.  Federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268 (9th Cir. 1996) (citing *Kokkonen*, 511 U.S. at 378).  Rather, courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been

made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381.

In the event the settlement agreement is breached, the court would have ancillary jurisdiction that arises from breach of the court's dismissal order. *Id.*; *see also Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007) (stating that where "the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract . . . . the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction" (citing *Kokkonen*, 511 U.S. at 381–82, and *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995)).

**B**

In this case, there is no dispute that the terms of the parties' Settlement Agreement "had been made part of the order of dismissal . . . by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381. Further, the district court specifically retained jurisdiction over the Settlement Agreement. Consequently, any breach of the Settlement Agreement "would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.*

As the district court noted, the Settlement Agreement, and the court's order incorporating its terms, "limit[ed] the Court's exercise of that jurisdiction in both time and manner." The district court retained jurisdiction for two and

one-half years from the effective date of the Settlement Agreement—that is, until January 24, 2010—"solely to rule on any motion filed pursuant either to Paragraph 1.b. or to Paragraph 10, of [the Settlement Agreement]." Because Plaintiffs' motion for attorneys' fees was filed well after that date, and was not filed pursuant to either Paragraph 1.b. or Paragraph 10, the district court correctly concluded that it has no ancillary jurisdiction to enforce the parties' Settlement Agreement.

## III

That conclusion, however, does not end the matter. The dispositive question is whether the court nevertheless has ancillary jurisdiction over Plaintiffs' motion for attorneys' fees, even though it no longer has jurisdiction to enforce the Settlement Agreement. To answer that question, we turn to the case law regarding ancillary jurisdiction over a post-judgment attorney's fees dispute.

## A

### 1

There is no debate that a federal court properly may exercise ancillary jurisdiction "over attorney fee disputes collateral to the underlying litigation." *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) (citing cases); *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 454 (1982) (discussing postjudgment motion in which the plaintiff sought attorney's fees, as the prevailing party under 42 U.S.C. § 1988, four and one-half months after the parties had signed a settlement agreement and the district court had approved a consent decree); *Sprague v. Ticonic*

*Nat'l Bank*, 307 U.S. 161, 164 (1939) ("Allowance of such costs in appropriate situations is part of the historic equity jurisdiction of the federal courts."); *Schmidt v. Zazzara*, 544 F.2d 412, 414 (9th Cir. 1976) (quoting *Sprague*, 307 U.S. at 164); Wright et al., *supra*, §3523.2 ("One of the best-established uses of ancillary jurisdiction is over proceedings concerning costs and attorney's fees.").

Moreover, such ancillary jurisdiction exists even after the underlying litigation has concluded. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). As the Supreme Court explained, "motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.'" *Id.* (quoting *Sprague*, 307 U.S. at 170). "Thus, even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees." *Id.* at 395–96 (quoting *White*, 455 U.S. 451 n.13); *see also Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999) ("No Article III case or controversy is needed with regard to attorneys' fees . . . because they are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot."); *Reiser v. Del Monte Props. Co.*, 605 F.2d 1135, 1140 (9th Cir. 1979) ("[A]n attorneys' fees question ancillary to the case survives independently under the court's equitable jurisdiction." (citing *Schmidt*, 544 F.2d at 414)); *United States v. Ford*, 650 F.2d 1141, 1143–44 (9th Cir. 1981) (same); *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986) (same (citing *Ford*, 650 F.2d at 1143–44)).

**2**

Importantly, a district court's ancillary jurisdiction over an attorney's fees dispute is inherent and broader than its ancillary jurisdiction to enforce a settlement agreement. The Second Circuit's decision in *In re Austrian & German Bank Holocaust Litigation*, 317 F.3d 91 (2d Cir. 2003), is illustrative. There, the parties had settled a complicated class action lawsuit and agreed that attorneys' fees would be awarded pursuant to the decision of two arbitrators. *Id.* at 92–97. Certain class members objected to the arbitrators' eventual fee award. *Id.* at 96–97. The district court found that it lacked jurisdiction and denied the petition for fee forfeiture. *Id.* at 97. The Second Circuit affirmed on different grounds, but disagreed on the jurisdictional question. *Id.* at 92.

In its discussion, the Second Circuit differentiated between ancillary jurisdiction to enforce the agreement and ancillary jurisdiction over the collateral fee dispute, stating:

> Appellees contend that the District Court lacked jurisdiction . . . because the Consolidated Complaint had been dismissed without any reservation of continuing court authority. They rely on [*Kokkonen*], which held that a district court lacks ancillary jurisdiction to enforce a settlement agreement after the underlying lawsuit has been dismissed unless the parties agree to such continuing authority or the court retains jurisdiction for such purpose. In Appellees' view, because the fees were provided pursuant to the German Compact, any review of fees

would constitute a review of the Compact, which would amount to an attempt to enforce a settlement in violation of *Kokkonen*.

. . . .

We disagree. [The objectors are] not seeking to implement any aspect of the German Compact or any of its constituent parts. [They are] not contending, as did the claimants in *Kokkonen*, that some provision of a settlement (here, the Compact or its components) obligates the Appellees to take the action [the objectors seek]. Rather, [the objectors] merely seek[] to adjudicate a lawyer's entitlement to retain fees earned, at least in part, for services rendered in connection with a case within a district court's jurisdiction.

*Id.* at 97–99 (citations omitted).

## B

Likewise, here, Plaintiffs are "not seeking to implement any aspect" of the Settlement Agreement or "any of its constituent parts." *Id.* at 99. Nor are they "contending . . . that some provision" of the Settlement Agreement or "its components[] obligates" Defendants to pay attorneys' fees for the monitoring of post-settlement compliance. *Id.* Instead, they argue that they are the "prevailing party" under the relevant federal statutes—e.g., the ADA, Section 504, and the IDEA—and seek to collect attorneys' fees on this basis. As such, the fact that the district court lacks ancillary jurisdiction

to enforce the Settlement Agreement under *Kokkonen* is irrelevant.

The district court's error was in failing to recognize the distinction between ancillary jurisdiction to enforce a settlement agreement and ancillary jurisdiction over an attorney's fees dispute. As discussed above, the district court has broad, inherent authority over collateral matters such as attorney's fees, and such ancillary jurisdiction extends beyond dismissal of the underlying lawsuit. *See, e.g.*, *Ferrante*, 364 F.3d at 1041 (citing cases); *Zucker*, 192 F.3d at 1329; *see also In re Austrian & German Bank Holocaust Litig.*, 317 F.3d at 98 ("Whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees." (discussing *Cooter & Gell*, 496 U.S. 384)).

Consequently, while the Settlement Agreement (as incorporated into the district court's dismissal order) limited the district court's ancillary jurisdiction to enforce the terms of the parties' settlement, it did not affect the court's ancillary jurisdiction over an attorney's fees dispute. Unlike its ancillary jurisdiction to enforce the Settlement Agreement, the court's ancillary jurisdiction over Plaintiffs' motion for attorneys' fees need not have been explicitly "retained."

In *Schmidt*, we rejected the defendant's argument that the district court had erred in "retaining jurisdiction over the question of attorney's fees after the consent judgment had been entered." 544 F.2d at 414. We reasoned that "[a]llowance of attorney's fees 'is part of the historic equity jurisdiction of the federal courts,' and the district court could properly retain jurisdiction to determine appropriate attorney's fees ancillary to the case." *Id.* (citing *Sprague*,

307 U.S. at 164). But neither *Schmidt* nor any other case requires that a district court explicitly "retain" ancillary jurisdiction to adjudicate a post-judgment motion for attorney's fees. *See In re Austrian & German Bank Holocaust Litig.*, 317 F.3d at 97–99 (concluding that the district court had ancillary jurisdiction over the fee dispute even though the complaint "had been dismissed without any reservation of continuing court authority"); *cf. Peacock*, 516 U.S. at 356 ("We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments."). Similarly, Defendants have identified no authority for the proposition that a district court's dismissal order can divest (or otherwise impose a time limit upon) the court's inherent jurisdiction over a collateral attorney's fees dispute. *See Cooter & Gell*, 496 U.S. at 396 ("Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue . . . . Such a determination may be made after the principal suit has been terminated.").

It bears repeating that Plaintiffs are seeking attorneys' fees pursuant to federal law. This is not an attorney-client fee dispute that could be resolved in state court as a breach of contract claim. As the Seventh Circuit has said, "[t]he purpose of the ancillary jurisdiction of the federal courts . . . is to enable a federal court to render a judgment that resolves the entire case before it and to effectuate its judgment once it has been rendered." *Shapo v. Engle*, 463 F.3d 641, 644–45 (7th Cir. 2006). "It is not to enable a federal court to encroach on the jurisdiction reserved to the states merely because the parties would prefer to have a federal court resolve their future disputes . . . ." *Id.* at 645.

Moreover, even assuming that Plaintiffs could recast their motion as a claim for attorneys' fees in a separate federal lawsuit, it is not "necessary" for them to do so. *Schmidt*, 544 F.2d at 414 (citation and internal quotation marks omitted). Requiring a separate lawsuit – that hypothetically would invoke federal question jurisdiction – not only would interfere with the district court's powers to render a judgment that resolves the entire case and to effectuate its judgment, but also would harm judicial economy and efficiency. Practically speaking, any such separate "attorneys' fees only" lawsuit likely would be referred to the district judge who presided over the underlying lawsuit anyway.

Thus, we hold that the district court has ancillary jurisdiction over Plaintiffs' motion for attorneys' fees.

## IV

Our holding is limited to the jurisdictional question. Whether Plaintiffs are entitled to attorneys' fees is a question for the district court on remand. *See Reiser*, 605 F.2d at 1140 ("We . . . express no opinion concerning the propriety of an award in this case, a matter within the discretion of the trial judge.").

Further, the exercise of ancillary jurisdiction over an attorney's fees dispute is discretionary. *See In re Austrian & German Bank Holocaust Litig.*, 317 F.3d at 101 ("We have previously recognized that the existence of ancillary jurisdiction to adjudicate a fee dispute after the dismissal of a lawsuit calls for the sound exercise of a district court's discretion whether to entertain the merits of the dispute . . . ."); *cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)

("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

## CONCLUSION

On remand, the district court in its discretion will decide whether to exercise ancillary jurisdiction over Plaintiffs' motion for attorneys' fees.

We need not address any other arguments raised on appeal.

**REVERSED and REMANDED.**