NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEDHANIE BERNE; et al., | No.   15-16952 |
| Plaintiffs-Appellees, | D.C. No. 3:10-cv-02833-LB |
| JEREMY LOREN FRIEDMAN, | |
| Appellant, | MEMORANDUM[*] |
| and | |
| BRENDA HILL, | |
| Plaintiff, | |
| v. | |
| KAISER FOUNDATION HEALTH PLAN INC., DBA Kaiser Permanente; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted April 11, 2018[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  McKEOWN and WARDLAW, Circuit Judges, and KATZMANN,*** International Trade Judge.

Attorney Jeremy Friedman appeals pro se from the magistrate judge's orders denying him additional attorneys' fees and costs from Kaiser Foundation Health Plan, Inc. ("Kaiser"), defendant in the underlying litigation, and from his former clients, Medhanie Berhe, Patsy Hardy, Evelynn Jennings, Rena Harrison, and Michelle Mike (collectively, "clients").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The magistrate judge properly concluded that the Settlement Agreement bars Friedman's pursuit of additional fees and costs from Kaiser.  In the Settlement Agreement, Friedman personally agreed to "waive any claim and/or right to attorneys' fees of any kind" against Kaiser, and he acknowledged that the fees allocated to him in the Settlement Agreement were "reasonable attorneys' fees pursuant to any statute under which Plaintiffs may have a right to recover attorneys' fees in connection with the Lawsuit."  Friedman is bound by this commitment, and neither California law nor public policy requires a different result.  *Cf. Flannery v. Prentice*, 26 Cal. 4th 572, 580–81 (2001) (limiting its holding to the "narrow question" of "whether a [client] may receive or keep the

***      The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

2

proceedings of a fee award when she has neither agreed to pay her attorneys nor obtained from them a waiver of payment"). Indeed, our controlling law acknowledges that a favorable settlement for the client may sometimes come at the expense of attorneys' fees. *See Evans v. Jeff D.*, 475 U.S. 717, 729, 736–37, 741–42 (1986).

Friedman further argues that it was an abuse of discretion for the magistrate judge to decline to exercise ancillary jurisdiction over his fee dispute with Kaiser. We do not reach this issue because Friedman's claim lacks merit, and thus he would not have prevailed even had the magistrate judge exercised ancillary jurisdiction over this dispute. *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 971 (9th Cir. 2014). Nor do we reach Friedman's contention that Kaiser's counsel engaged in improper ex parte communications with his clients. This contention is disputed and would not, in any event, render the Settlement Agreement unenforceable absent additional evidence, not present here, that the communications improperly influenced the clients' decision to settle. *See Myerchin v. Family Benefits, Inc.*, 162 Cal. App. 4th 1526, 1538 (2008), *disapproved on another ground by Vill. Northridge Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 50 Cal. 4th 913, 929 (2010).

2. The magistrate judge also correctly concluded that Friedman is not entitled to any additional fees or costs from his clients. The attorney-client Fee

Agreement obligated Friedman's clients to pay Friedman's "lodestar fee" if the clients "waive [Friedman's] right to recover attorneys' fees, costs or expenses" in a settlement agreement. Although the clients instructed Friedman to sign the Settlement Agreement, which waived Friedman's right to collect additional fees from Kaiser, the clients owe Friedman nothing further because, as the magistrate judge meticulously determined, Friedman had already received his lodestar fee through the settlement.

3. Nor did the magistrate judge err in determining that Friedman had consented to her jurisdiction. Consent to proceed before a magistrate judge may be express or implied. *See Roell v. Withrow*, 538 U.S. 580, 582 (2003); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). Although Friedman did not expressly consent to the magistrate judge's jurisdiction by signing a consent form, Friedman's conduct implied consent. Friedman did not object when, in December 2013, the parties consented to the magistrate judge's jurisdiction for "all further proceedings in this case." And he freely availed himself of the magistrate judge's jurisdiction when he submitted his attorneys' fees dispute to the court. It is, in fact, Friedman who urges us to conclude here that it was an abuse of discretion for the magistrate judge to decline to exercise ancillary jurisdiction over at least part of his dispute.

**AFFIRMED.**

4